**Stanley HARAPAT, Appellee,**

v.

**Joseph A. CALIFANO, Jr., Secretary, Health, Education, and Welfare, Appellant.**

**No. 78-1793.**

United States Court of Appeals, Eighth Circuit.

Submitted March 15, 1979.

Decided May 14, 1979.

Alan M. Grochal, Dept. of Health, Education, and Welfare, Baltimore, Md. (argued), Barbara Allen Babcock, Asst. Atty. Gen., Washington, D. C., Andrew W. Danielson, U. S. Atty., and Douglas A. Kelley, Asst. U. S. Atty., Minneapolis, Minn., on brief, for appellant.

William A. Smoley, Rinke, Noonan, Grote & Smoley, Sauk Rapids, Minn., argued and on brief, for appellee.

Before GIBSON, Chief Judge, and ROSS and McMILLIAN, Circuit Judges.

ROSS, Circuit Judge.

In this case we consider an appeal by the government in the tortuous attempt by Stanley Harapat, a social security claimant, to receive social security benefits.

Mr. Harapat first applied for social security benefits on June 29, 1962. This claim was denied initially, on reconsideration and, eventually, after a hearing. The decision from that hearing, which was held before an administrative law judge, was September 30, 1963. No appeal was taken to the Appeals Council.

Thereafter, Mr. Harapat filed a second application in August 1965, a third in October 1967, and a fourth in July 1968, a fifth in April 1970, a sixth in September 1972, and a seventh, and final application, in May 1974. All of the claimant's applications were denied.

Mr. Harapat last met the special earnings requirement of the social security statute on March 31, 1953, and must, therefore, prove his entitlement to benefits on or before that date. *Johnson v. Richardson,* 486 F.2d 1023, 1024 (8th Cir. 1973). Mr. Harapat alleges that he suffers from severe and debilitating arthritis, as well as other impairments.

Following his most recent rejection, Mr. Harapat filed suit in the United States District Court in Minnesota on June 8, 1976. In the complaint Mr. Harapat's counsel alleged that the "final decision of the [Social Security] Administration is erroneous and without any substantial evidence in support thereof * * *." In answer to Harapat's complaint the United States Attorney's office filed a motion to dismiss, alleging that the plaintiff had failed to state a claim and that the court lacked subject matter jurisdiction to review dismissals based on *res judicata.*

The district court rejected the government's position and adopted the recommendation of Magistrate McPartlin that *res judicata* should *not* have been applied in this case. The district court then ordered a new hearing before an administrative law judge.

The rehearing was held in September 1977, but once again Mr. Harapat did not prevail. He appealed that adverse decision to the district court, and the district court, on the recommendation of Magistrate McPartlin, reversed the administrative law, judge, concluding that the denial of benefits was not supported by substantial evidence on the record as a whole. From this judgment of the district court entered in favor of Harapat, the government has appealed to this court.

The government's primary contention is that the district court was without jurisdiction to review the case, and secondly, assuming jurisdiction existed, that the decision of the ALJ was supported by substantial evidence. We agree that the district court was without jurisdiction and reverse.

Judicial review of decisions of the Secretary is provided for in 42 U.S.C. § 405(g), (h) in pertinent part as follows:

### Judicial review

(g) Any individual, *after any final decision of the Secretary made after a hearing to which he was a party,* irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow. * * *

### Finality of Secretary's decision

(h) The findings and decisions of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided. * * *

(Emphasis added.)

The 1963 decision in Mr. Harapat's case, the decision which followed the first evidentiary hearing, became final when no appeal was taken from there to the Appeals Council and to the courts. Numerous reapplications by Mr. Harapat followed over the years, however.

In an order dated February 9, 1976, the Secretary denied a request by Mr. Harapat for a hearing, and the denial was affirmed by the Appeals Council on April 12, 1976.[1]

In an order accompanying the denial of this hearing request, the administrative law judge concluded that Mr. Harapat's seventh application had been properly denied on the basis of *res judicata* pursuant to 20 C.F.R. § 404.937, and also that there was no basis for reopening the case under the regulations.

Dismissal on *res judicata* grounds, as well as *reopening* a prior decision, is provided for in the regulations. Section 404.937 permits a presiding officer to dismiss a hearing request on grounds of *res judicata* where there has been a previous determination by the Secretary with respect to the rights of the same party on the same facts, relevant to the same issues, where that decision has become final either by judicial affirmance, or without judicial consideration, upon the claimant's failure to timely request review.[2]

Section 404.957 of the regulations also permits, however, administrative reconsideration of a prior claim. "This is in the form of regulations for reopening of the agency determination within specified time limits after the date of initial determination: 12 months as a matter of right and four years 'upon a finding of good cause,' which exists if new material evidence is provided or specific errors are discovered. 20 CFR §§ 404.957(a), (b), 404.958 (1976). Moreover, the regulations permit reopening '[a]t any time' for the purpose of correcting clerical errors or errors on the face of relevant evidence. § 404.957(c)(8)." *Califano v. Sanders,* 430 U.S. 99, 102, 97 S.Ct. 980, 982, 51 L.Ed.2d 192 (1977).

Contrary to the conclusions of the magistrate and district court, and contrary to the arguments of the claimant on appeal, we believe it was error for the district court to have assumed jurisdiction in this case. Though we reluctantly reach this conclusion, *Sheehan v. Secretary of Health, Education & Welfare,* 593 F.2d 323 (8th Cir.

---

1. The hearing request had *followed* an adverse "Reconsideration Determination" on September 9, 1975, which had in turn followed the denial of Mr. Harapat's seventh, and final, application for benefits in December 1974.

2. § 404.937 Dismissal for cause.

The presiding officer may, on his own motion, dismiss a hearing request, either entirely or as to any stated issue, under any of the following circumstances:

(a) *Res judicata.* Where there has been a previous determination or decision by the Secretary with respect to the rights of the same party on the same facts pertinent to the same issue or issues which has become final either by judicial affirmance or, without judicial consideration, upon the claimant's failure timely to request reconsideration, hearing, or review, or to commence a civil action with respect to such determination or decision (see §§ 404.911, 404.918, 404.946, and 404.-951).

1979), that conclusion is mandated by our prior cases.

In *Califano v. Sanders, supra*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 the Supreme Court held that the courts are without jurisdiction to review a decision of the Secretary not to *reopen* a claim of benefits. Citing statutory section 42 U.S.C. § 405(g), the Court states: "This provision clearly limits judicial review to a particular type of agency action, a 'final decision of the Secretary made after a hearing.' But a petition to reopen a prior final decision may be denied without a hearing as provided in § 205(b), 42 U.S.C. § 405(b) (1970 ed., Supp. V); see *Cappadora v. Celebrezze*, 356 F.2d 1, 4 (CA2 1966); *Ortego v. Weinberger*, 516 F.2d 1005, 1007 (CA5 1975)." *Califano v. Sanders, supra*, 430 U.S. at 108, 97 S.Ct. at 985.

In the *Sanders* opinion, the Supreme Court cited with approval *Neighbors v. Secretary of Health, Education & Welfare*, 511 F.2d 80 (10th Cir. 1974), a decision of the Tenth Circuit Court of Appeals denying that it had jurisdiction to review the agency's finding of *res judicata* under regulation § 404.937.

The issue raised in the present appeal, that is whether the district court lacked jurisdiction to entertain a suit under the Act challenging the dismissal of an application for benefits on the ground that such application had been denied previously, was before us in *Hobby v. Hodges*, 215 F.2d 754 (10th Cir. 1954). In *Hobby* we held that, where an applicant under the Act has filed a second application raising a claim for relief previously passed upon in an earlier application and where such subsequent application was dismissed without hearing on the ground of res judicata, there is no "final decision of the Secretary made after hearing" and

hence the court lacks jurisdiction to entertain a suit challenging such earlier decision. This result has been reached in other cases, and we think from the record such result is manifestly required here: It is clear that under the Act and regulations promulgated thereunder, appellant had sixty (60) days from the October 2, 1970 decision of the Secretary to seek judicial review of such decision. Appellant failed to do so, and the filing of a second and substantially identical application for disability benefits will not allow him to circumvent this requirement of the Act.

*Id.* at 81 (footnotes omitted). *See also Janka v. Secretary of Health, Education and Welfare*, 589 F.2d 365 (8th Cir. 1978); *Sheehan v. Secretary of Health, Education & Welfare, supra*, 593 F.2d 323. (No jurisdiction to review agency's denial of extension of time to appeal for lack of "good cause.")

These precedents are controlling and do not permit the courts to order new evidentiary hearings when a claim is in this posture. We share the district court's empathy for claims like the present one, but the Supreme Court has said: "Congress' determination so to limit judicial review to the original decision denying benefits is a policy choice obviously designed to forestall repetitive or belated litigation of stale eligibility claims. Our duty, of course, is to respect that choice." *Califano v. Sanders, supra*, 430 U.S. at 108, 97 S.Ct. at 986.[3]

We reject as well the claimant's assertion that this court may not properly address the jurisdictional issue because the government waited to appeal that issue to this court until the completion of the new evidentiary hearing on the merits which was ordered by the district court.[4] It is clear that the issue of subject matter jurisdiction may appropri-

---

**3.** Claimants are free, of course, to challenge decisions of the Secretary on constitutional grounds: "[W]hen constitutional questions are in issue, the availability of judicial review is presumed, and we will not read a statutory scheme to take the 'extraordinary' step of foreclosing jurisdiction unless Congress' intent to do so is manifested by 'clear and convincing' evidence." *Califano v. Sanders*, 430 U.S. 99, 109, 97 S.Ct. 980, 986, 51 L.Ed.2d 192 (1977).

**4.** Although it does not affect the outcome of the case, it should be noted that the recommendation of the magistrate to remand the case to the Secretary for a hearing was approved and an order entered the same date the report was filed. The ten-day period for filing objections to the report, as required by 28 U.S.C. § 636(b)(1), was not given.

ately be raised at any time. *Baker Oil Tools, Inc. v. Delta Steamship Lines, Inc.*, 562 F.2d 938, 940 n. 2 (5th Cir. 1977).

Because we conclude that the district court lacked subject matter jurisdiction, we need not address that court's finding that the administrative law judge's determinations were unsupported by substantial evidence, or its decision to award benefits to Mr. Harapat.

The judgment is reversed and remanded with directions to dismiss appellee's complaint.