**Clinton CRUISE, Plaintiff,**

**v.**

**Patricia Roberts HARRIS, Secretary of Health and Human Services, Defendant.**

**No. 80-0668-CV-W-5.**

United States District Court, W. D. Missouri, W. D.

Feb. 2, 1981.

Carl W. Bussey, Kansas City, Mo., for plaintiff.

Ronald S. Reed, Jr., U. S. Atty., Judith M. Strong, Asst. U. S. Atty., Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER

SCOTT O. WRIGHT, District Judge.

This is a proceeding under Title II of the Social Security Act, as amended, 42 U.S.C. §§ 401 *et seq.* Section 405(g) provides for judicial review of a final decision of the Secretary of Health and Human Services.

On December 19, 1978, plaintiff filed his application to establish a period of disability, as provided in Section 416(i), and to obtain disability insurance benefits, as provided in Section 423.[1] The application re-

1. Plaintiff previously filed an application for disability insurance benefits on March 17, 1972 and was granted a closed period of disability from June 10, 1970, through June 14, 1971. Plaintiff filed a request for reconsideration on August 21, 1972, and the initial determination was affirmed on March 2, 1973. No further action was taken on this application, and it is

not subject to review. Furthermore, the administrative determination not to reopen prior applications is not subject to judicial review. *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977); *Harapat v. Califano,* 598 F.2d 474 (8th Cir.), *cert. denied, Harapat v. Harris,* 444 U.S. 980, 100 S.Ct. 482, 62 L.Ed.2d

ceived consideration and reconsideration by the Social Security Administration, and the claim was denied.

■ On February 26, 1980, a hearing was held, at which plaintiff appeared without counsel[2] and testified. On March 21, 1980, the Administrative Law Judge (ALJ), William W. Cochrane, rendered a decision, finding that the plaintiff was not disabled within the meaning of the Act. On May 16, 1980, the Appeals Council of the Social Security Administration affirmed the decision of the ALJ, and it became the final decision of the Secretary.

After reviewing the record, the Court concludes that the findings of the ALJ are supported by substantial evidence, and the decision of the Secretary is affirmed.

The form and scope of judicial review of the defendant's actions is statutorily defined and limited. Under 42 U.S.C. § 405(g), the Secretary's decision is conclusive upon the Court if it is supported by substantial evidence. *Alexander v. Weinberger*, 536 F.2d 779 (8th Cir. 1976); *Yawitz v. Weinberger*, 498 F.2d 956, 957 (8th Cir. 1974). This standard of substantial evidence is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Russell v. Secretary of HEW*, 540 F.2d 353, 356 (8th Cir. 1976); *Brinker v. Weinberger*, 522 F.2d 13, 17 (8th Cir. 1975).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). In order to meet the statutory definition, the claimant must show (1) that he has a medically determinable physical or mental impairment that will either last for a continuous period of at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is a result of his impairment. *Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975).

Once the claimant establishes that his impairment is so severe that he cannot engage in his former occupation, the burden shifts to the Secretary to prove that the claimant can perform some other kind of substantial gainful employment. *Johnson v. Califano*, 572 F.2d 186, 187 (8th Cir. 1978).

Plaintiff is thirty-one years old, is six feet, one inch tall, and weighs about two hundred and fifty pounds. He has a high school education and has attended a mechanic's school for a period of eight months. He is presently taking college classes. Plaintiff's vocational experience consists of having worked as a counter boy in a drug store, stock handler, freight handler, and mail handler. He has also painted steel girders and has worked as a combat engineer in the Army.

■ Plaintiff's medical records show that since 1970 he has experienced periods when he suffers from a schizophrenic reaction, simple type; a manic-depressive reaction, manifested by hyperactive speech, inappropriate effect, delusions of grandeur, and feelings that he possessed supernatural healing powers and the ability to talk to God. There were other periods of time when the plaintiff became hyperactive, aggressive and hostile. Medication helps control these symptoms, and there are periods of time when plaintiff's condition is stabilized. Plaintiff also has a nerve deafness in his left ear. He states that he cannot work because the medicine makes him drowsy and because he is fearful that his illness may recur at any time. He also states that he does not like being around people because they make him nervous, and his deafness disables him from working around loud noises and loud machinery. Plaintiff attends school, lifts weights, shoots pool, drives a car, and occasionally bowls.

406 (1979); *Janka v. Secretary of HEW*, 589 F.2d 365 (8th Cir. 1978).

2. Lack of counsel does not affect the validity of the hearing unless the plaintiff demonstrates prejudice or unfairness in the proceeding.

*Heisner v. Secretary of HEW*, 538 F.2d 1329 (8th Cir. 1976). In this case, plaintiff does not contend that prejudice or unfairness resulted because he was unrepresented by counsel at the hearing.

Plaintiff last met the special earnings requirement of the Social Security Act on December 31, 1975.[3] He must, therefore, prove his entitlement to benefits on or before that date. *Harapat v. Califano*, 598 F.2d 474 (8th Cir. 1979). Plaintiff's medical records show that for the past ten years he has suffered periods of severe mental illness. Although his illness is a recurrent one, he has had periods of remission which have lasted as long as a year or more. (Exs. 20, 28).

A report of Dr. C. U. Franklin, Jr., a psychiatrist, shows that during these periods of remission, plaintiff is capable of some work, providing the motivation to work is present. (Ex. 20). A report of Dr. D. Reimer also shows that plaintiff is capable of returning to full employment, but Dr. Reimer added that this was unlikely because he was receiving 100% service-connected disability benefits and because he probably would not be able to concentrate well enough to be consistently employed. (Ex. 27). A report of Dr. Donald Simmons further indicates that when plaintiff remains on his medication, his condition can be stabilized for long periods of time. (Ex. 28). The medical records show unquestionably that during his periods of illness, plaintiff would be unable to work. However, the record shows just as clearly that when plaintiff's illness is in remission, he is capable of substantial gainful activity. A determination of disability under the Act requires a showing that the disability has lasted or can be expected to last for a *continuous* period of at least twelve months. 42 U.S.C. § 423(d)(1)(A). Plaintiff has failed to meet this requirement. Because the plaintiff failed to show that he is suffering from an impairment which precludes him from engaging in his former work activities, the burden never shifted to the Secretary to show that plaintiff was capable of other substantial gainful activity, and expert vocational testimony was unnecessary. *Magruder v. Richardson*, 332 F.Supp. 1363 (E.D.Mo.1971).

Plaintiff cites several errors in the ALJ's evaluation of the evidence. Plaintiff argues that the Secretary erroneously failed to consider the effects of plaintiff's medication. He refers to a determination of the Social Security Administration dated January 30, 1979 (Ex. 7), which found that the side effects of the heavy dosage of medicine prevents plaintiff from engaging in substantial gainful activity. However, plaintiff ignores the fact that this determination was reversed upon reconsideration by the Administration. (Ex. 7). Plaintiff also ignores the fact that the medical evidence shows that the heavy dosage of medicine has actually little effect on plaintiff and does not prevent him from functioning. (Exs. 19, 26).

Additionally, plaintiff argues that the Secretary erred in failing to take into consideration plaintiff's subjective complaints and his own assessment that he cannot work. Plaintiff also argues that the Secretary erred in refusing to consider a "medical report" from the Veterans Administration Hospital (Ex. 29), indicating plaintiff's inability to work.[4] "Conflicts in the evidence are to be resolved by the Secretary, not the courts." *Janka v. Secretary of HEW*, 589 F.2d 365, 369 (8th Cir. 1978). The Secretary was entitled to discount this report and plaintiff's subjective complaints which were not supported by the evidence. During periods of remission, plaintiff attends school, drives a car, lifts weights, shoots pool, and occasionally bowls. These factors give additional support to the medi-

---

**3.** For insured status under the Act, 42 U.S.C. § 416(i)(3)(B) and § 423(c)(1)(B), an individual is required to have 20 quarters of coverage in the 40-quarter period ending with the first quarter of disability. The ALJ found that plaintiff last met this requirement on December 31, 1975. The plaintiff argues that he last met this requirement in December, 1976. Regardless of which date is applied, plaintiff's appeal must fail because the record does not support a finding of disability as defined by the Act on or before either date.

**4.** Although plaintiff characterizes this document as a "medical report," it appears to have been written by an individual who works for the Medical Information and Files Unit of the Veterans Administration Hospital.

cal reports which indicate plaintiff is capable of employment during his periods of remission.

This Court finds that the decision of the Secretary is supported by substantial evidence and should be affirmed. Accordingly, it is hereby

ORDERED that plaintiff's motion for summary judgment is denied, and defendant's motion for summary judgment is sustained. Plaintiff's petition for review is dismissed, and the parties will bear their own costs.