**Gloria K. JOHNSTON, Plaintiff,**

**v.**

**Patricia R. HARRIS, Secretary of Health and Human Services, Defendant.**

**No. 80–0770–CV–W–5.**

United States District Court,
W. D. Missouri, W. D.

Feb. 5, 1981.

Dana Kaiser, Legal Aid, Kansas City, Mo., for plaintiff.

Ronald S. Reed, U. S. Atty., Judith M. Strong, Asst. U. S. Atty., Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER

SCOTT O. WRIGHT, District Judge.

This is a proceeding under Title II of the Social Security Act, as amended, 42 U.S.C. §§ 401 et seq. Section 405(g) provides for judicial review of a final decision of the Secretary of Health and Human Services.

On April 24, 1978, plaintiff filed her application to establish a period of disability, as provided in Section 416(i), and to obtain disability insurance benefits, as provided by Section 423. The Administration ultimately denied the claim because plaintiff did not meet the special earnings requirement for disability under the Social Security Act and, therefore, was not eligible for a period of disability or disability insurance benefits. Plaintiff requested a hearing, and on December 6, 1979, a hearing was held, at which plaintiff and one witness appeared and testified. On January 11, 1980, the administrative law judge rendered a decision, also finding that plaintiff did not meet the special earnings requirement for disability under the Social Security Act. On May 13, 1980, the Appeals Council of the Social Security Administration affirmed the hearing decision, and the decision of the administrative law judge stands as the final decision of the Secretary.

The form and scope of judicial review of the defendant's actions is statutorily defined and limited. Under 42 U.S.C. § 405(g), the Secretary's decision is conclusive upon the Court if it is supported by substantial evidence. *Alexander v. Weinberger*, 536 F.2d 779 (8th Cir. 1976); *Yawitz v. Weinberger*, 498 F.2d 956, 957 (8th Cir. 1974). This standard of substantial evidence is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Russell v. Secretary of HEW*, 540 F.2d 353, 356 (8th Cir. 1976); *Brinker v. Weinberger*, 522 F.2d 13, 17 (8th Cir. 1975).

The findings of the Secretary in this case are limited to a determination that plaintiff did not qualify for a period of disability because she did not have insured status. For insured status under the Act, an individual is required to have 20 quarters of coverage in the 40-quarter period ending with the first quarter of disability. 42 U.S.C. § 416(i)(3)(B) and § 423(c)(1)(B). This is the special earnings requirement, and plaintiff last met this requirement on March 31, 1970. Plaintiff must prove that she is entitled to benefits on or before that date. *Harapat v. Califano*, 598 F.2d 474 (8th Cir.) *cert. denied*, 444 U.S. 980, 100 S.Ct. 482, 62 L.Ed.2d 406 (1979). The issue before this Court is whether the Secretary's determination that plaintiff failed to meet this requirement is supported by substantial evidence. The Court finds that it is not, and the Secretary's decision is reversed, and the case is remanded to the Secretary for further findings.

Plaintiff was forty-six years old at the time of the hearing. She is divorced and the mother of one male child. Plaintiff completed four years of college at the University of Missouri and obtained the equivalent of a master's degree in business education by teaching in the California school system. She also obtained general secondary education credentials from the State of California.

Plaintiff taught high school business education for seven years in California. She then worked as an accountant from October 1960 through January 1961; as a secretary from February 1961 through August 1961; as a school teacher from September 1961 through May 1962; as a desk clerk in July 1963; as an elementary school teacher from August 1963 through September 1963; as a secretary from March 1964 through April 1964; as a cashier from September 1964 through October 1964; as a secretary from November 1965 through December 1965; as a grocery store checker from June 1966 through July 1966; as a special education teacher from August 1967 through February 1968; as an "office boy" for her mother's tax business from February 1968 through February 1969; and as a receptionist for about three weeks in February 1972.

Plaintiff's medical records reveal a history of both physical and mental problems. When plaintiff applied for Social Security

Disability Benefits, she alleged disability due to heart problems, a nervous condition, back trouble, and arthritis of the back and arms. Her medical records show that in December 1975, she underwent a cardiac catherization, and her defective mitral valve was replaced with an artificial valve. At the time of the hearing, plaintiff was seeing a heart specialist at least twice per month and having her blood checked every week. She was also seeing a psychiatrist, Dr. Cesar Menez, every two weeks. The medical evidence available at the time of the hearing showed that plaintiff was severely incapacitated because of a mental problem. However, the available records only dated back as far as April 1974, and although the administrative law judge found that plaintiff was currently disabled, he found that there was no medical evidence to support a finding that she was disabled on or before March 31, 1970, the last date plaintiff met the special earnings requirement.

After the hearing decision was rendered, plaintiff informed her attorney for the first time that she had been hospitalized at St. Mary's Hospital for a psychiatric evaluation in 1964. Plaintiff's attorney obtained these medical records which showed a final diagnosis of schizophrenic reaction, paranoid type and rheumatic heart disease. Plaintiff's attorney submitted these records to Dr. Menez, plaintiff's treating psychiatrist, who gave an opinion, based on these records, that plaintiff's current condition dates back to April 27, 1964.

■ The medical records from St. Mary's Hospital and Dr. Menez's letter were submitted to the Appeals Council in connection with plaintiff's request for review of the hearing decision. Nevertheless, the Appeals Council affirmed the hearing decision, concluding that the additional evidence did not show that plaintiff's mental condition prevented her from functioning in a work environment. The Appeals Council did not make any findings to either explain or support this bald assumption. Although the ultimate question of whether a condition is so severe as to be disabling is for the Secre-

tary, *Davis v. Califano*, 605 F.2d 1067, 1071 (8th Cir. 1979), specific findings must be made to enable this Court to determine whether that decision is supported by substantial evidence. The ultimate issue of disability was never addressed by the administrative law judge who denied benefits solely on the ground that plaintiff failed to meet the special earnings requirement. This Court finds that the additional evidence establishes that plaintiff's condition dates back to April 27, 1964, and, therefore, the special earnings requirement is met. The only issue to be addressed by the Secretary upon remand is whether plaintiff's condition prior to March 31, 1970 was so severe as to be disabling.

The Appeals Council gratuitously determined that plaintiff's condition prior to this time was not disabling, but because they made no specific findings to support this conclusion, the Court can only speculate that they based their reasoning on the fact that plaintiff was employed subsequent to her hospitalization in 1964. Although evidence of employment may establish that the person has the ability to engage in substantial gainful employment, 20 C.F.R. § 404.-1534, it is not conclusive, and upon remand, the Secretary should keep in mind certain basic principles in reviewing the issue of disability.

The Eighth Circuit Court of Appeals has repeatedly observed that the fact a person has functioned in the past with certain impairments is not necessarily substantial evidence of an ability to work at a later time because " '[a] condition which was tolerable at one time can deteriorate to the point that it becomes intolerable.' " *Davis v. Califano, supra,* 605 F.2d at 1072, quoting *Johnson v. Califano,* 572 F.2d 186, 188 (8th Cir. 1978).

■ Furthermore, evidence of disability after the time the special earnings requirement was met can constitute evidence of disability prior to the time the special earnings requirement was met. *Stuart v. Califano,* 443 F.Supp. 842, 848 (W.D.Mo.1978). In this case, the Disability Determinations Unit of the Social Security Administration found plaintiff to be severely incapacitated

because of a mental problem and designated an onset date of April 28, 1974. Even though this determination established an onset date four years after the date plaintiff last met the special earnings requirement, it can constitute substantial evidence of disability prior to this time if supported by the record as a whole. A review of the entire record reveals that the testimony of plaintiff and her mother supports a finding of disability prior to March 31, 1970. Both testified that plaintiff found it increasingly more difficult to work, and in early 1969, even plaintiff's mother would not employ her because of her inability to do the simplest tasks. The subjective evidence of plaintiff and her mother is unrebutted by any medical evidence and should be seriously considered by the Secretary. If the credibility of this testimony is questioned, the Secretary should make specific findings to this effect, and there should be some basis in the record for disbelieving this critical testimony. *Lund v. Weinberger*, 520 F.2d 782 (8th Cir. 1975); *Stuart v. Califano, supra.*

Finally, the regulations provide that "[w]here an individual is forced to discontinue his work activities after a short time because his impairment precludes continuing such activities, his earnings would not demonstrate ability to engage in substantial gainful activity." 20 C.F.R. § 404.1534. A review of plaintiff's work history reveals that beginning in mid-1963 plaintiff's employment was sporadic. Although she held a variety of jobs, with only a few exceptions, she could not hold any of the jobs for much longer than a month. Plaintiff testified that she discontinued these jobs because of her condition, and when viewed in the light of practical reality, this evidence does little to demonstrate an ability to engage in substantial gainful activity.

For the foregoing reasons, it is hereby

ORDERED that the decision of the Secretary is reversed, and the cause is remanded to the Secretary for further findings in accordance with this opinion. The parties will bear their own costs.