**Mazzie TOME, Appellant,**

v.

**Richard SCHWEIKER, Secretary, Health & Human Services, Appellee.**

No. 83–1356.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 15, 1983.

Decided Jan. 12, 1984.

Rehearing Denied Feb. 23, 1984.

Robert G. Ulrich, U.S. Atty., Frederick O. Griffin, Jr., Asst. U.S. Atty., Kansas City, Mo., for appellee.

Larry O. Denny, Kansas City, Mo., for appellant.

Before HEANEY, Circuit Judge, HENLEY, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

McMILLIAN, Circuit Judge.

Mazzie Tome appeals from a final judgment entered in the District Court for the Western District of Missouri affirming the Secretary of Health and Human Services' decision denying her social security disability insurance benefits and supplemental security income benefits. For reversal appellant argues (1) that the Secretary's finding that appellant did not establish a disability within the meaning of the Social Security Act, 42 U.S.C. §§ 301–1397 (1976 & Supp. V 1981), was not supported by substantial evidence, and (2) that the Secretary erred in concluding that appellant's failure to follow a prescribed treatment precluded considering certain symptoms in the disability determination under 20 C.F.R. § 404.1518 (1980). For the reasons discussed below, we reverse the judgment of the district court.

Appellant filed her applications for benefits on March 4, 1980, seeking a period of disability commencing April 1973. In her applications she claimed she was disabled due to diabetes, shortness of breath and recurring dizziness. Appellant was born on November 3, 1919, and has an eighth grade education. Her past work experience consisted of general housecleaning work and work as a nurse's aide. Her last full-time employment as a nurse's aide was in 1973. During the next three years she did some babysitting in private homes. Appellant lives with her husband and has one son who does not live at home.

The administrative record includes appellant's testimony, medical records, a report from appellant's treating physician and a report from a consulting physician who examined appellant in April 1980 at the Secretary's request. Appellant testified that she often has dizzy spells and gets out of breath, that she experiences pain in her arms and legs limiting her ability to move them, that she has difficulty stooping and lifting things weighing over ten pounds, that her eyes bother her and that her vision is often blurry. She testified that she stopped working in 1973 because she got tired of feeling sick all the time and ready to pass out. She testified that she is not able to do much housework in her own home and that her husband fixes the meals.

Records from Kansas City General Hospital and Medical Center show that appellant entered the hospital in April 1973 for a one-week stay. Appellant had diabetes mellitus, first noted in 1959, and during this one-week stay in the hospital her medication was changed from oral hypoglycemics to insulin. She was instructed on how to administer the insulin and on the diet regimen necessary to combat the diabetes. Reports on appellant's follow-up visits as an outpatient at Kansas City General, as well as reports from Truman Medical Center and Swope Parkway Neighborhood Health Center covering the years preceding appellant's application for benefits in 1980, indicate recurrent problems related to her diabetic condition and to hypertension, including dizziness, numbness of body, nausea, and blurred vision. These reports also indicate appellant's failure over the years to comply with instructions on proper diet and regular daily use of insulin, as well as repeated attempts by medical personnel and social workers to explain to appellant the prescribed procedures and the importance of compliance.

In a letter dated February 23, 1981, appellant's treating physician reported that appellant had uncontrolled diabetes, hypertension which was relatively controlled, and

arthritis primarily affecting her knees. The letter stated that as a result of the diabetes and hypertension appellant suffered from recurrent blurring of vision and dizziness. The consulting physician's report also states that appellant's diabetes was not controlled and adds that it would be controllable with proper management.

Based on the record, the administrative law judge (ALJ) concluded that appellant's impairments did not prevent her from returning to past relevant work as a nurse's aide or maid. The ALJ found that appellant's testimony of pain and physical restrictions was not credible and that the severity of symptoms alleged was not fully supported by the medical evidence in the record. The ALJ also held that appellant's noncompliance with prescribed treatment contributed significantly to the difficulties she experienced and to that extent they could not be considered in reaching a decision on the issue of disability.

On appellate review of a social security disability case, it is the duty of this court to determine whether the administrative decision is supported by substantial evidence in the record as a whole, 42 U.S.C. § 405(g) (1976). This standard of review is not a rubber stamp for the Secretary's decision and involves more than a search for evidence supporting the Secretary's findings. We must scrutinize the record and take into account whatever fairly detracts from the substantiality of evidence supporting the Secretary's findings. *Simonson v. Schweiker,* 699 F.2d 426, 429 (8th Cir.1983); *McMillian v. Schweiker,* 697 F.2d 215, 220 (8th Cir.1983); *Brand v. Secretary of Department of Health & Human Services,* 623 F.2d 523, 527 (8th Cir.1980) (*Brand*).

Section 223(d)(1) of the Social Security Act defines "disability" as "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1) (1976). The Act further provides that "an individual . . . shall be determined to be under a disability only if his physical or mental impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work." *Id.* § 423(d)(2)(A).

Our cases clearly hold that the ALJ may not disregard a claimant's subjective complaints of pain solely because there exists no objective evidence in support of such complaints. *Mallett v. Schweiker,* 721 F.2d 256 at 257 (8th Cir.1983) (per curiam); *Simonson v. Schweiker,* 699 F.2d at 427; *Brand,* 623 F.2d at 526. Although the ALJ may reject testimony on the basis of credibility, such rejection must be supported by legitimate reasons for disbelief and cannot be a guise for circumventing the rule that objective evidence is not needed to support subjective evidence of pain. *Simonson v. Schweiker,* 699 F.2d at 429–30; *Tucker v. Schweiker,* 689·F.2d 777, 779 (8th Cir.1982) (per curiam). In the present case, the ALJ disbelieved appellant's testimony on the severity of her symptoms solely on the ground that the severity alleged was not fully supported by the medical evidence. Appellant's complaints of dizziness, shortness of breath and blurred vision are actually corroborated by all the medical reports which conclusively establish that she suffers from uncontrolled diabetes. Appellant's complaint of pain in her joints is corroborated by the medical reports indicating that she has arthritis. We find that appellant's impairments render her unable to engage in any substantial gainful employment.

The question remains whether appellant's failure to follow prescribed treatment for her diabetes precludes considering her related symptoms for a disability determination. The Secretary's regulations provide that a claimant who fails to treat a remediable condition without good reason is barred from entitlement to benefits. 20 C.F.R. § 404.1518 (1980); 20 C.F.R. § 404.1530 (1983). Appellant's testimony as well as the medical reports leave little doubt that appellant did not consciously decide not to follow "doctor's orders," but rather lacked

the financial resources and the discipline and education needed to understand and follow a strict dietary and insulin regimen. In *Stone v. Harris*, 657 F.2d 210 (8th Cir. 1981), this court held that in determining whether an impairment is reasonably remediable, the question is whether it is reasonably remediable by the particular individual involved, given his or her social and psychological situation. Furthermore, we believe that a lack of sufficient financial resources to follow prescribed treatment to remedy a disabling impairment may be, and in this case is, an independent basis for finding justifiable cause for noncompliance. *See, e.g., Hope v. Secretary of Health, Education & Welfare*, 347 F.Supp. 1048, 1055 (E.D.Tex.1972).

■ A finding of justifiable cause must, of course, be supported by substantial evidence. After a careful review of the record, we conclude that in this case appellant's failure to strictly follow a dietary and insulin program does not preclude finding that her diabetes-related symptoms render her disabled and entitled to benefits. We therefore reverse the judgment entered by the district court in favor of the Secretary and order an award of benefits to appellant.[1]

---

[1.] Appellant filed the applications for benefits which are the basis of this appeal on March 4, 1980. Appellant previously filed applications on September 4, 1973, seeking benefits for a period of disability commencing August 1973. In a decision dated December 12, 1974, the ALJ found that appellant could return to any of her former occupations if she complied with prescribed medical treatment for her diabetes and denied appellant's claim. That decision became final when appellant failed to pursue her claim in accordance with the regulations of the Secretary.

This court is without jurisdiction to reopen the previous record. *Harapat v. Califano*, 598 F.2d 474 (8th Cir.), *cert. denied*, 444 U.S. 980, 100 S.Ct. 482, 62 L.Ed.2d 406 (1979). However, because the prior decision was based, at least in part, upon appellant's failure to comply with prescribed treatment for her diabetes, we urge the Secretary to reopen the prior record to determine whether, in light of our decision today, appellant's period of disability should commence August 1973. In the event the prior record is not reopened, appellant's disability period would commence on December 13, 1974.