Viva M. BROWN, Appellee,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Appellant.

No. 84–1934.

United States Court of Appeals, Eighth Circuit.

Submitted March 14, 1985.

Decided July 8, 1985.

Mary Biester, Dallas, Tex., for appellant.

Jimmie D. Stokley, Kennett, Mo., for appellee.

Before McMILLIAN, Circuit Judge, HENLEY, Senior Circuit Judge, and FAGG, Circuit Judge.

HENLEY, Senior Circuit Judge.

Viva M. Brown filed an application for Supplemental Security Income (SSI) benefits on November 1, 1979. When her request was denied by the Secretary of Health and Human Services (Secretary), Brown filed a complaint in federal District Court for the Eastern District of Missouri. That court remanded the case to the Secretary for further consideration of Brown's neck and back pain as there was insufficient evidence on which to determine the question whether she was disabled by this ailment.

After another hearing before an administrative law judge (ALJ), and consideration by the appeals council, Brown's claim was again denied. The Secretary then filed a motion in the district court requesting that she be granted summary judgment on Brown's complaint. The case was referred to a magistrate, who recommended that Brown be awarded benefits on the basis of her hypertension and occasional tension headaches. The district court adopted the magistrate's report. The Secretary appeals arguing that the district court erred in finding (1) that her determination of non-disability was not supported by substantial evidence, and (2) that Brown's lack of financial resources provided a sufficient rationale for her failure to follow a treatment plan. We reverse.

In her application Brown alleged that she had been disabled since November, 1974 due to headaches, neck and back problems, and hypertension. At her first hearing on October 30, 1980 the ALJ considered the testimony of the claimant, affidavits of her friends and relatives, reports and statements of various doctors, and hospital records. On remand the ALJ considered in addition the report of an orthopedic surgeon concerning Brown's back and neck problems.

At the last hearing the ALJ determined that Brown's impairments included hypertension, headaches, nausea, degenerative changes of the neck and spine, a gastric ulcer, emphysema, and a non-malignant thyroid tumor. The ALJ considered these impairments singly and in combination. 42 U.S.C. § 423(d)(2)(C). He determined that all were mild and/or controllable through medication, and therefore Brown was not so impaired that she could not be gainfully employed. The ALJ's recommendation was adopted by the appeals council and thereby became the final decision of the Secretary.

■ When the magistrate considered the case he concluded that there was substantial evidence to support the Secretary's findings as to all of Brown's impairments except as to the hypertension and headaches. The record reveals that these ailments were controllable through medication, but that Brown could not afford the treatment. Generally, if a claimant does not follow a prescribed treatment plan without a good reason, he or she will not be found disabled. 20 C.F.R. § 416.930(b) (1984). However, the magistrate, citing *Tome v. Schweiker*, 724 F.2d 711, 714 (8th Cir.1984), determined that Brown's lack of financial resources to pay for her hypertension and headache medicine justified her failure to follow a treatment plan.

■ In order to receive SSI disability benefits a claimant must demonstrate that he suffers from a mental or physical impairment which renders him unable to engage in substantial gainful activity. 42 U.S.C. § 423(d)(1)(A). When reviewing a determination of non-disability by the Secretary, it is our duty to determine if her finding is supported by substantial evi-

dence. 42 U.S.C. § 405(g); *Smith v. Heckler*, 760 F.2d 184, 187 (8th Cir.1985); *Clark v. Heckler*, 733 F.2d 65, 68 (8th Cir.1984); *see Jones v. Heckler*, No. 84–1954, slip op. at 3 (8th Cir. May 7, 1985) (per curiam); *Simonson v. Schweiker*, 699 F.2d 426, 429 (8th Cir.1983).

■ It appears from the record that Brown's hypertension and headaches are not disabling within the terms of the Social Security Act even without medication. In regard to Brown's hypertension, we note that blood pressure which measures within the range 140–180/90–115 is considered mild or moderate. *Merck Manual of Diagnosis and Therapy*, 392 (14th ed. 1982). Claimant's pressure, even without medication, is well within these limits.[1] Moreover, her hypertension does not qualify as a severe impairment under the Secretary's regulations, because it has not resulted in any end organ damage (*i.e.*, to the heart, eye, brain, or kidney). 20 C.F.R. Part 404, Subpart P, Appendix 1, 4.00 C.

■ As to Brown's headaches, we observe that they, like all pain, have subjective characteristics which are difficult to quantify. However, a subjective complaint cannot be rejected merely for lack of objective evidence, but rather the adjudicator must fully consider all available evidence. *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984); *Nelson v. Heckler*, 712 F.2d 346, 348 (8th Cir.1983) (per curiam); *see Powell v. Heckler*, 741 F.2d 221, 222 (8th Cir.1984) (per curiam). Here, the ALJ properly recognized this standard in examining Brown's complaints of pain.

The record provides adequate support for the finding that Brown's headaches are not disabling. They are described as intermittent or occasional and are thought to be related to her hypertension. Brown has testified that the headaches can be relieved not only by medication but also by pressing on her temples. Objective medical evidence in the form of brain scans does not reveal a source of her problem. Also, it is noted that she was able to perform all the tests given by examining physicians without discomfort and that the ALJ observed no obvious signs of severe pain at the hearings.

We conclude that although Brown does experience some problems from her impairments, there is substantial evidence supporting the ALJ's findings that they are not of disabling proportions.

Since Brown is not disabled even without medication, there is no need to determine whether her financial situation provides a sufficient rationale for her failure to follow her prescribed treatment.[2]

The order of the district court is reversed.

---

1. Brown's blood pressure readings which were other than normal are as follows: 140/100 in December, 1979; 150/94 and 150/84 in January, 1980; 154/94 in April, 1980; 154/90 in September, 1980; 150/80 in January, 1981; and 180/90 in October, 1982. *Brown v. Heckler*, No. S 81–72 C, slip op. at 19 (E.D.Mo. March 9, 1984).

2. We note only that if we were to decide the case on this issue, we are not persuaded that the *Tome* analysis is fully applicable here. There we stated that lack of sufficient resources *"may be"* and *in this case* is an independent basis for finding justifiable cause for noncompliance." *Tome*, 724 F.2d at 714 (emphasis added). This should not be read as an unqualified statement that, in every case in which the claimant has financial problems, failure to follow a treatment plan will be excused for in *Tome* we also found that the claimant lacked "the discipline and education needed to understand and follow a ... regimen." *Id.* at 714. There is nothing in the record here which leads us to conclude that Brown lacked the education or discipline needed to take her hypertension and headache medicine.