**Rick JOHNSON, Appellant,**

**v.**

**Otis R. BOWEN, Secretary of Health and Human Services, Appellee.**

No. 88–2050.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 15, 1988.

Decided Feb. 2, 1989.

Anthony W. Bartels, Jonesboro, Ark., for appellant.

Nigel Jamieson, Baltimore, Md., for appellee.

Before ARNOLD, Circuit Judge, BRIGHT, Senior Circuit Judge, and John R. GIBSON, Circuit Judge.

BRIGHT, Senior Circuit Judge.

Appellant Rick Johnson appeals from a final judgment entered in the district court[1] affirming a decision of the Secretary of Health and Human Services denying his claims to disability insurance and supplemental security income benefits. We affirm.

---

1. The Honorable Elsijane T. Roy, United States District Judge for the Eastern District of Arkansas.

Appellant was born in 1939, has a sixth grade education and last worked as a packer in a table manufacturing company. Appellant applied for benefits in 1986, alleging a disability beginning in 1984 due to a seizure disorder and headaches. The medical evidence reveals that appellant suffered a grand mal seizure in April 1984 for which he was hospitalized and placed on Dilantin. His treating physician released appellant to return to work. Appellant returned to work but was discharged May 17, 1984, after he was involved in a fight with another employee. The medical evidence further reveals that in May 1986 Dr. Steven Golden reported that appellant "readily admit[ted] that he does not stay on his medicine very well." In a July 1986 report, Dr. Golden noted that although appellant insisted that he was taking the prescribed dosage of Dilantin, his Dilantin level was low and the doctor suspected appellant was "non-compliant." At that time, Dr. Golden increased appellant's dosage to six Dilantin capsules a day.

At an April 1987 hearing before an administrative law judge (ALJ), appellant testified that at the time of the hearing he was having at least one or two seizures a day that lasted from ten to twenty minutes and were followed by severe headaches. Appellant stated that he was able to purchase and took the prescribed dose of six Dilantin capsules a day. He further stated that he took Tylenol for his headaches but was unable to afford prescribed medication for his headaches.

The ALJ denied appellant's claims, in part basing his finding on appellant's failure to follow the prescribed course of treatment for his seizures. The ALJ also rejected appellant's allegations that his seizures and headaches were of disabling frequency and severity, noting, among other things, that appellant had not sought treatment for the impairments for almost two years.

■ On appeal, appellant argues that his failure to take prescribed medication or to seek medical treatment should be excused because of a lack of financial resources. On the record before us, we reject the argument.

"Although lack of financial resources may in some cases justify the failure to seek medical attention," *Benskin v. Bowen*, 830 F.2d 878, 884 (8th Cir.1987), or follow prescribed treatment, *see Brown v. Heckler*, 767 F.2d 451, 453 n. 2 (8th Cir. 1985), such is not the case here. Concerning appellant's failure to take the prescribed dose of Dilantin, we note that appellant testified he was able to purchase Dilantin, informing the ALJ that the cost was eleven or twelve dollars a month and that he usually purchased two hundred capsules at one time to satisfy his monthly needs. Further, we observe that there is no evidence that appellant told his physicians that he was unable to afford Dilantin, and evidence that at one time a physician gave appellant a year's supply of Dilantin. *Cf. Dover v. Bowen*, 784 F.2d 335, 337 (8th Cir.1986) (claimant reported "dire financial troubles" to physician).

It is for the ALJ in the first instance to determine appellant's motivation for failing to follow prescribed treatment or seek medical attention. *Benskin v. Bowen*, 830 F.2d at 884 n. 1. On the facts before the court, appellant's failure to take the prescribed dose of Dilantin should not be excused for lack of resources.

■ We also reject appellant's assertion that the ALJ should not have relied on his failure to seek medical treatment in discounting his allegations of disabling seizures and headaches. The record indicates that in 1985 appellant had been treated as an in-patient and an out-patient for a hormonal deficiency unrelated to his seizure disorder and headaches. Other than noting a history of seizure disorder and a refill of Dilantin, the medical records do not reveal that appellant complained of disabling seizures and headaches or requested treatment. With this record, "[t]he ALJ was certainly entitled to find [appellant's] failure to seek medical attention inconsistent with [his] complaints" of disabling seizures and headaches. *Id.* at 884.

We have considered appellant's remaining assertions that the ALJ improperly failed to consider all the relevant evidence

relating to his allegations of disability and find them to be without merit.

Substantial evidence supports the ALJ's decision. *See* 42 U.S.C. § 405(g). Accordingly, we affirm the judgment of the district court.