951 F.2d 361
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rafael ORRANTIA, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services, Defendant-Appellee.
 No. 90-56267.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 9, 1991.
Decided Dec. 16, 1991.
 
 Before FLETCHER, D.W. NELSON and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Rafael Orrantia appeals from a grant of summary judgment in his action against the Secretary to obtain Disability Insurance Benefits and Supplemental Security Income. The district court's order granting summary judgment is reversed and the case remanded to the district court with directions to remand to the Secretary for further proceedings.
 
 I. FACTS AND PROCEDURAL BACKGROUND
 
 3
 In 1984, Rafael Orrantia was diagnosed with diabetes mellitus. On January 23, 1987, Mr. Orrantia fell from a ladder while carrying a heavy weight. Mr. Orrantia filed for disability and SSI on February 4, 1988 and on May 27, 1988 respectively. He claimed disability due to back pain, knee pain and diabetes. The applications were denied initially and upon reconsideration. Mr. Orrantia requested a hearing before an Administrative Law Judge ("ALJ") which was held on April 6, 1989. The ALJ determined Mr. Orrantia was not disabled and had the residual functional capacity to perform light work. The district court, on a summary judgment motion filed by the Secretary, upheld the ALJ's decision.
 
 II. DISCUSSION
 
 4
 On October 1, 1991, this court issued the opinion in Bunnell v. Sullivan, No. 88-4179, slip op. at 13699 (9th Cir.1991) (en banc). The court in Bunnell resolved the issue of which standard is to be used in evaluating excess pain testimony. The court held that:
 
 
 5
 This standard (the 'Cotton standard') requires the claimant to produce medical evidence of an underlying impairment which is reasonably likely to be the cause of the alleged pain. When this evidence is produced, the Cotton standard does not require medical findings that support the severity of pain and, thus, the adjudicator may not discredit the claimant's allegations of the severity of pain solely on the ground that the allegations are unsupported by objective medical evidence.
 
 
 6
 Bunnell at 13705, citing Cotton v. Bowen, 799 F.2d 1403 (9th Cir.1986). If the ALJ determines that the claimant's pain testimony is not credible, the ALJ must make specific findings supporting this conclusion. Those findings must include:
 
 
 7
 1. The nature, location, onset, duration, frequency, radiation, and intensity of any pain;
 
 
 8
 2. Precipitating and aggravating factors (e.g., movement, activity, environmental conditions);
 
 
 9
 3. Type, dosage, effectiveness, and adverse side-effects of any pain medication;
 
 
 10
 4. Treatment, other than medication, for relief of pain;
 
 5. Functional restrictions; and
 
 11
 6. The claimant's daily activities.
 
 
 12
 Bunnell at 13711, 13712.
 
 
 13
 In this case, the ALJ accepted Dr. Fernandez's finding that Mr. Orrantia had "a limited range of back motion associated with complaints of pain as well as a flattening of the normal lumbar curve, suggesting recurrent paravertebral muscle spasms." E.R. at 2. In addition, the ALJ found that Mr. Orrantia was treated at the San Ysidro Medical Center for diabetes and "intermittent burning sensations in both feet attributable to diabetic neuropathy." E.R. at 3. This indicates that Mr. Orrantia introduced objective medical evidence of impairments which are reasonably likely to be the cause of his pain. However, the ALJ discredited Mr. Orrantia's complaints of excess pain. The ALJ adopted Dr. Fernandez's opinion that the "claimant's subjective complaints appeared entirely out of proportion to any objective findings." This is exactly the type of conclusion prohibited by the Cotton standard. A claimant is not required to produce "medical evidence [that] corroborates the severity of the pain alleged." Bunnell at 13706, (rejecting the standard of proof required by the concurring opinion in Bates v. Sullivan, 894 F.2d 1059 (9th Cir.1990)). In addition, in discrediting Mr. Orrantia's pain testimony, the ALJ failed to make sufficiently specific findings. The ALJ must consider " 'all of the available evidence' ". Bunnell at 13711. For example, the ALJ's discussion of Mr. Orrantia's treatment at the San Ysidro Medical Center was minimal, his discussion of Mr. Orrantia's daily activities was minimal, and he discounted the testimony that Mr. Orrantia could not follow his diet because he cannot afford the proper foods.[1]
 
 III. CONCLUSION
 
 14
 We conclude the ALJ erred by applying the wrong standard when evaluating Mr. Orrantia's excess pain testimony. The ALJ should apply the Cotton standard, as it is defined in Bunnell v. Sullivan, No. 88-4179, slip op. at 13699 (9th Cir.1991) (en banc). Therefore, this court hereby reverses the district court's grant of summary judgment for the Secretary and remands this case to the district court with directions to remand to the Secretary for further proceedings.
 
 
 15
 REVERSED AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 See Tome v. Schweiker, 724 F.2d 711 (8th Cir.1984) (lack of funds to follow diet is justifiable excuse for failure to treat diabetes)