962 F.2d 12
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well
Patsy A. STIEB, Appellant,
v.
DEPARTMENT OF HEALTH AND HUMAN SERVICES, Appellee.
 No. 91-3464.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 6, 1992.
Filed: May 11, 1992.
 
 Before BOWMAN, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Patsy Stieb appeals the judgment of the district court[1] affirming the Secretary's denial of social security disability and supplemental security income (SSI) benefits. Upon careful review of the record, we affirm.
 
 
 2
 The decision of the Secretary must be upheld if substantial evidence in the record as a whole supports the Secretary's conclusion that Stieb could perform her past relevant work. See Baker v. Secretary of Health & Human Servs., 955 F.2d 552, 555 (8th Cir. 1992). The burden is on the claimant to prove that she cannot return to her past work. McCoy v. Schweiker, 683 F.2d 1138, 1146-47 (1982) (en banc). We agree with the district court that substantial evidence existed to support the ALJ's finding that Stieb could return to her past work as a bartender. Stieb testified that she worked as a bartender for a year and that the heaviest amount she was required to lift was a glass. The record contains no medical evidence that Stieb could not perform this job. As to her seizure disorder, no objective medical evidence has revealed the cause of her seizures and her neurologist stated that he could not rule out pseudoseizures. Further, the evidence revealed Stieb had not consistently taken her prescribed anticonvulsant medication. A claim for disability based on disabling seizures and headaches may properly be denied on the grounds that the claimant failed to take the prescribed dose of an anticonvulsant. Johnson v. Bowen, 866 F.2d 274, 275 (8th Cir. 1989); see also 20 C.F.R. § 404.1530(b) (1991) (failure to follow prescribed treatment without good reason will result in finding of not disabled). Stieb produced no medical evidence demonstrating how her residual functional capacity is limited by cervical spondylosis.
 
 
 3
 We conclude that the ALJ gave full consideration to the evidence that was presented relating to Stieb's subjective complaints of pain and that there was a sufficient basis on which to discount the persistence and intensity of her complaints. We further conclude that the ALJ did not err in disregarding evidence of disability given by Stieb's regular treating physician. While a treating physician's opinion is normally given great weight, Stieb's physician did not support his finding of disability with complete and specific clinical findings, and thus, his opinion was not conclusive. See 20 C.F.R. § 404.1527 (1991). Finally, we find meritless Stieb's argument that the ALJ should have found the existence of a mental impairment. Stieb did not allege in her applications that she was disabled due to any mental impairment nor did she introduce evidence that she had been diagnosed as having a mental disorder or that she had sought treatment for a mental disorder. See Matthews v. Bowen, 879 F.2d 422, 424-25 (8th Cir. 1989) (ALJ properly found no mental impairment existed where claimant suffered mild situational depression, took anti-depressant medication, and failed to allege disability due to mental impairment).
 
 
 4
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas