45 F.3d 433
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Sylvia BASS, Appellant,
v.
Donna E. SHALALA, Department of Health and Human Services, Appellee.
 No. 94-1997.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Nov. 18, 1994.
Filed: Dec. 19, 1994.
 
 Before RICHARD S. ARNOLD, Chief Judge, BRIGHT, Senior Circuit Judge, and McMILLIAN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Sylvia Bass appeals from the district court[1] order granting summary judgment in favor of the Secretary of Health and Human Services on Bass' claim for disability benefits under 42 U.S.C. Secs. 416(i) and 423. The Secretary based the denial on findings that Bass had no severe impairment and was capable of returning to her past relevant work. 20 C.F.R. Sec. 404.1520(e) (1994). Bass claims that substantial evidence does not support the decision of the Secretary, and, more particularly, that the Secretary improperly evaluated and discredited her subjective complaints. We affirm.
 
 
 2
 Bass filed an application for disability insurance on June 12, 1991, alleging disability since February 28, 1991, due to diabetes mellitus. The State agency and the Social Security Administration denied Bass' application. Pursuant to Bass' request, however, a hearing de novo before an administrative law judge (ALJ) was held on April 22, 1992. At the time of her administrative hearing, Bass was fifty-one years of age, with a tenth-grade education, and past relevant work experience as an assembly line operator, receptionist and potpourri packer.
 
 
 3
 The ALJ denied Bass any benefits, concluding that while Bass had severe insulin-dependent diabetes mellitus, she did not have an impairment that qualified Bass for disability under the Guidelines. 20 C.F.R. Sec. 404, Subpart P, App. 1. Moreover, the ALJ found Bass' subjective complaints-of not being able to stand for more than fifteen to twenty minutes at a time, not being able to work because of recurrent weak spells, not being able to do housework, drive, or go to the grocery store-to not be entirely credible. Because Bass failed to properly comply with her own insulin treatments, the ALJ intimated that Bass had brought her problems upon herself, and thus could not credibly claim that the diabetes had "caused" her impairments. Irrespective of what "caused" Bass' problems, the ALJ discounted her complaints for the additional reason that the medical evidence, as well as evidence of Bass' rather significant daily activities, did not support her allegations. The ALJ concluded that Bass' impairments did not prevent her from performing her past relevant work. Tr. at 11-15.
 
 
 4
 Bass' treating physician documented that Bass' diabetes could be controlled with oral medication. Nevertheless, the record shows that at times Bass exercised little, if any, control over her blood glucose levels. Tr. at 95, 98, 100, 113. Although she had a set medication regimen to follow, requiring her to adjust her diet to match the intake of sugar to the amount of insulin taken, she often failed to follow the regimen. Pursuant to the Secretary's regulations, as well as our own case precedent, the failure to follow a prescribed course of treatment, without good reason, is grounds for denial of disability benefits, as well as a basis for discrediting subjective complaints of pain. 20 C.F.R. Sec. 404.1530(b) (1994); Clark v. Shalala, 28 F.3d 828, 831 & n.4 (8th Cir. 1994); Reed v. Sullivan, 988 F.2d 812, 815 (8th Cir. 1993); Johnson v. Bowen, 866 F.2d 274, 275 (8th Cir. 1989). Here, Bass has provided no explanation or justification for her failure to abide by her doctors' directions.[2] Upon review of the entire record, we conclude that substantial evidence supports the ALJ's decision to discredit Bass' subjective complaints and to deny her disability benefits.
 
 
 
 [1]
 The Honorable Jerry W. Cavaneau, Magistrate Judge of the United States District Court for the Eastern District of Arkansas
 
 
 [2]
 Bass apparently did at one point complain to her treating physician that the glucose sticks used to keep track of her blood sugar levels were too expensive. Tr. at 113. However, Bass does not argue in her brief, nor did she claim during her testimony before the ALJ, that her failure to follow her treatment program should be excused because of a lack of financial resources. On the contrary, Bass maintains that she complied with her doctor's orders. Tr. at 46-48; Br. at 7