56 F.3d 68
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Gilbert HARMON, Appellant,
v.
Shirley S. CHATER, Commissioner, of Social Security
* Appellee.
 No. 94-2900
 United States Court of Appeals
Eighth Circuit
 Submitted: May 3, 1995
Filed: May 11, 1995
 
 Before LOKEN, HANSEN, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Gilbert Harmon appeals from the final order entered in the district court[1] affirming the decision of the Secretary of Health and Human Services to deny Harmon's application for disability insurance benefits. For the reasons set forth below, we affirm.
 
 
 2
 Harmon was born in 1938, and had worked as a carpenter. In September 1990, he applied for benefits, alleging that nerve damage and muscle weakness in his arms and hands rendered him disabled as of June 20, 1990. Harmon's application was denied initially and on reconsideration. An Administrative Law Judge (ALJ) denied benefits after an April 1991 hearing; the Appeals Council vacated the decision and remanded; and a different ALJ conducted a second hearing in June 1992. At the hearings Harmon testified that his exertional and non-exertional impairments restricted his ability to perform gainful employment. Harmon's wife testified at both hearings, and his neighbor testified at the second hearing. Different vocational experts testifying at the hearings concluded that, while Harmon could not perform his past relevant work, he could perform various light and sedentary positions that existed in the national economy.
 
 
 3
 In December 1992, the ALJ issued his decision. After analyzing Harmon's subjective complaints of pain under the criteria set forth in Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984), the ALJ found Harmon's testimony was not credible as to the extent of his pain; the ALJ also found the testimony of Harmon's wife and neighbor not fully credible. The ALJ determined that Harmon's impairment did not meet or equal any impairment listed in 20 C.F.R. Part 404, Subp. P, Appendix 1 and that, while he could not perform his past relevant work, Harmon had the residual functional capacity to perform unskilled light work. Thus, the ALJ concluded Harmon was not disabled and denied him benefits. Before denying Harmon's review request, the Appeals Council considered additional medical evidence he submitted. Harmon then sought judicial review; the district court concluded there was substantial evidence to support the ALJ's decision and granted the Secretary's motion for summary judgment.
 
 
 4
 On appeal, Harmon argues the ALJ's decision is not supported by substantial evidence because the ALJ failed to properly assess his subjective complaints of pain and improperly discounted his witnesses' testimony. To determine whether the ALJ properly applied the Polaski factors, we must consider whether the ALJ took into account all the relevant evidence, and whether the claimant's own testimony contradicted the evidence in the record so that the ALJ could discount the testimony for lack of credibility. Benskin v. Bowen, 830 F.2d 878, 882 (8th Cir. 1987).
 
 
 5
 After reviewing the record, we conclude the ALJ properly considered all the relevant evidence before finding Harmon's pain did not severely limit his functional abilities or preclude all daily activity. Additionally, the ALJ properly determined Harmon's testimony was inconsistent with the record as a whole. Although Harmon testified he experienced pain, he also testified he took only minimal pain medication. See Stout v. Shalala, 988 F.2d 853, 855 (8th Cir. 1993) (pain which can be remedied or controlled with treatment or other medication normally will not support finding of disability); cf. House v. Shalala, 34 F.3d 691, 694 (8th Cir. 1994) (pain controlled by Tylenol, minimal medical treatment, and ability to perform variety of daily activities inconsistent with complaints of disabling pain). Harmon also ignored his doctors' recommendations to perform physical therapy exercises, and he chose not to go to a pain clinic for an evaluation. See Johnson v. Bowen, 866 F.2d 274, 275 (8th Cir. 1989) (ALJ can discredit subjective complaints of pain based on claimant's failure to follow prescribed course of treatment). The ALJ therefore properly discounted Harmon's subjective complaints of pain as inconsistent with the evidence as a whole, see Woolf v. Shalala, 3 F.3d 1210, 1214 (8th Cir. 1993), and properly discounted the testimony of his witnesses, see Brockman v. Sullivan, 987 F.2d 1344, 1347 (8th Cir. 1993). We also conclude Harmon's claim that he cannot work an eight-hour day without taking a nap is not supported by the record.
 
 
 6
 The hypothetical questions posed to the vocational experts by the ALJ were proper because the questions set forth all the limitations which the ALJ accepted as true and which were supported by the record. See Haynes v. Shalala, 26 F.3d 812, 815 (8th Cir. 1994); Rappoport v. Sullivan, 942 F.2d 1320, 1323 (8th Cir. 1991).
 
 
 7
 We conclude the ALJ's decision is supported by substantial evidence, despite the new evidence the Appeals Council considered. See Riley v. Shalala, 18 F.3d 619, 622-23 (8th Cir. 1994). Finally, we reject as meritless Harmon's argument that he was denied meaningful judicial review in the district court.
 
 
 8
 Accordingly, we affirm the judgment of the district court.
 
 
 
 *
 As of March 31, 1995, the Social Security Administration became an independent agency from the Department of Health and Human Services. Therefore, the court has substituted Shirley S. Chater for Donna E. Shalala pursuant to Fed. R. App. P. 43(c)
 
 
 [1]
 The Honorable Dean Whipple, United States District Judge for the Western District of Missouri