Catherine MARSHALL, Appellant,

v.

Margaret HECKLER, Secretary, Health & Human Services of the United States, Appellee.

No. 83–2440.

United States Court of Appeals, Eighth Circuit.

Submitted April 2, 1984.

Decided April 6, 1984.

Denver L. Thornton, El Dorado, Ark., for appellant.

Richard K. Willard, Acting Asst. Atty. Gen., W. Asa Huchinson, U.S. Atty., Larry R. McCord, Asst. U.S. Atty., Nellie A. Hutt, Trial Atty., Office of the Gen. Counsel, Soc. Sec. Div., Dept. of Health and

Human Services, Baltimore, Md., for defendant-appellee.

Before HEANEY, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and ARNOLD, Circuit Judge.

ARNOLD, Circuit Judge.

Catherine Marshall appeals from the judgment of the District Court holding that substantial evidence supports the Secretary of Health and Human Services' determination that she did not qualify for disability insurance under 42 U.S.C. § 423. We reverse.

Marshall claims disability starting August 15, 1981, due to deterioration of the spine and arthritis. Born in 1940, claimant has worked as a bottle packer at a glass plant, a laborer at a sewing-machine plant, a machine operator at an electrical-appliance company, and most recently, until approximately June 1981, as a waitress, cashier, cook, dishwasher, and so forth, for a restaurant which she and her husband owned.

She reports that pains in her back and neck began in August 1978, with the pain most concentrated on her right neck and shoulder. After she made several diagnostic visits, in October 1979 surgeons operated on her cervical (neck) vertebrae and fused them with adjoining vertebrae. Her pain abated somewhat but later recurred. In August of 1980, tests showed that Marshall had a 50% constriction of the right subclavian artery. She consequently underwent a right subclavial rib resection. In June of 1981, Marshall was hospitalized for further studies of her complaints of back and neck pain. While in the hospital, the claimant underwent a cervical myelogram, an electromyograph, and nerve-conduction studies. The test results were within normal limits, and the claimant was discharged with a diagnosis of cervical degenerative disease. She was again hospitalized in August 1981 for evaluation of upper abdominal pain as well as problems with her pancreas. Her discharge diagnosis indicated a probable episode of mild pancreatitis and severe arthritis of the cervical spine.

Marshall testified that she has chronic pain in her neck, shoulders, both arms, back, and legs, a continual choking sensation in her neck, and numbness and decreased strength in her whole right side, especially her right arm, and that she takes medication both for the pain and the choking condition. Further, she stated that she had to quit her job because of her pain and that she experiences severe pain in using her arms and hands. She reports that starting in December 1981 her legs would occasionally collapse without warning, causing her to fall suddenly. A friend of hers testified that the claimant is frequently racked by pain and that she is stoic about her condition and rarely complains.

For the reasons stated below, we reverse the judgment of the District Court and remand the case to the Administrative Law Judge (ALJ) for further findings.

1. The ALJ failed to indicate that the burden of proof had shifted to the Secretary. Initially, the burden of proof is on the claimant to show that she has a severe impairment that prevents her from doing her former work. Here the ALJ's decision must be read as indicating that the claimant has met this burden. He states:

> It is further found that the claimant suffers from several significant impairments which do not meet or equal a listed impairment found in the Social Security regulations.... This would preclude her from engaging in the more strenuous exertional requirements of her past relevant work.

Tr. 14. Once the claimant meets this burden, the burden then shifts to the Secretary to prove that there are other substantial gainful activities that the claimant can perform. *E.g., Tennant v. Schweiker*, 682 F.2d 707, 710 (8th Cir.1982). Since the ALJ did not acknowledge this shift in the burden, we cannot tell if he would have reached the same result if he had properly placed the burden on the Secretary.

2. The ALJ's finding that the claimant's testimony about pain was not credible is apparently based on a strict requirement

that pain be backed by medical evidence. He states:

> As to the claimant's allegations of pain and discomfort, it must be expected that an impairment in the nature of back and shoulder problems would give rise to a degree of pain and discomfort. However, even giving the fullest consideration to her complaints of such pain and discomfort, the evidence is not sufficient to establish that any pain and discomfort the claimant may suffer is disabling when considered alone or in combination with her other impairments. Furthermore, notice must be taken of the fact that the law does not require that a person be free of all pain and discomfort. Accordingly, the undersigned Administrative Law Judge must find, as trier of fact, that the claimant's complaints of disabling pain and discomfort are not considered credible.

Tr. 14.

Here, given the claimant's and her friend's unequivocal testimony that her pain was disabling, we can conclude only that when the ALJ stated that "the evidence" was not sufficient to show that the pain was disabling, he was referring to the medical evidence. Such strict reliance on objective medical evidence is, as we have repeatedly held, contrary to the law of this Circuit. See, *e.g.*, *Layton v. Heckler*, 726 F.2d 440, 442 (8th Cir.1983). Further, in the absence of any more informative explanation, it is hard for us to understand how the medical evidence is so clearly insufficient when the evidence shows that the claimant has fused vertebrae, a right subclavial rib resection, and cervical degenerative disease.

3. The ALJ's use of the Guidelines and grid was inconsistent with our cases. As we said in *McCoy v. Schweiker*, 683 F.2d 1138, 1148 (8th Cir.1982) (en banc):

> If a claimant has a nonexertional impairment, the Guidelines and grid are not controlling and cannot be used to direct a conclusion of disabled or not disabled without regard to other evidence, such as vocational testimony.

Here the claimant says she has a non-exertional impairment, her pain,[1] and in fact this is the root cause of her claimed disability. Unless the ALJ rejects the subjective evidence of pain for some legally sufficient reason—and here, as we have just explained, he did not do so—, it is improper to rely on the grid as directing a finding of eligibility. Further, when the Guidelines and grid do not apply, the Secretary must call a vocational expert to establish that the claimant can do work other than her past jobs, unless substantial evidence from other sources bears directly on the issue of "substantial gainful employment." See *McCoy, supra*, 683 F.2d at 1149; *Garrett v. Richardson*, 471 F.2d 598, 603–04 (8th Cir.1972).

The judgment is reversed, and the cause remanded to the District Court with instructions to remand to the Secretary for further proceedings consistent with this opinion.

---

1. See *Nicks v. Schweiker*, 696 F.2d 633, 636 (8th Cir.1983) (Guidelines may not be used when the claimant suffers from the non-exertional impairment of pain); see also Heaney, *Why the High Rate of Reversals in Social Security Disability Cases?*, 7 Hamline L.Rev. 1, 13 (1984).