**Harold G. CARPENTER, Appellant,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Appellee.**

**No. 83–2549.**

United States Court of Appeals, Eighth Circuit.

Submitted April 20, 1984.

Decided May 9, 1984.

George W. Proctor, U.S. Atty., Chalk S. Mitchell, Asst. U.S. Atty., Little Rock,

Ark., Frank V. Smith, III, Regional Atty., Renee H. Brooks, Asst. Regional Atty., U.S. Dept. of Health and Human Services, Dallas, Tex., for appellee.

Burris & Berry, Pocahontas, Ark., for appellant.

Before HEANEY, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and ARNOLD, Circuit Judge.

PER CURIAM.

Harold Carpenter appeals from the district court's order granting summary judgment to the defendant Secretary of Health and Human Services (Secretary). We reverse.

Carpenter is 48 years old, and has an eighth grade education. He has worked steadily throughout his adult life. His most recent jobs include meter reader, factory worker, city marshal, school bus driver, and security guard. Carpenter served in the United States Army in the late 1950's. He suffered a service-related injury in Germany by tearing cartilage in his left knee while climbing a hill. Doctors removed the damaged cartilage. The incision became infected, and after several further problems developed with his knee, doctors removed his knee cap.

Carpenter continued to experience difficulty with his knee, but worked at various jobs. While working with the Rural Electrification Administration (REA) as a meter reader, he injured his back in the course of unloading a transformer. This back injury required Carpenter to be hospitalized for a week. After his return, the meter reading job was terminated, and Carpenter's knee condition prevented him from transferring to other utility work with the REA. Carpenter re-injured his back on the job at a tool factory, apparently rupturing a disc. He left this employment as a result. He next worked four part-time jobs simultaneously—as a city marshal, airport security guard, and as a school bus driver for two separate schools. On October 24, 1980, Carpenter was working at the airport, and had a scuffle while making an arrest. He seriously re-injured his knee, and aggravated his back condition.

Medical reports in the record diagnose Carpenter's back condition as chronic lumbrosacral strain, with possible discogenic disease or spondylolisthesis. Carpenter has been prescribed and wears a lumbrosacral corset. He also wears a double upright brace for his knee. The medical reports diagnose degenerative arthritis in his knee with some atrophy in his left leg. The doctors have also prescribed various pain medications.

Carpenter filed an application for disability benefits and supplemental security income on May 12, 1981, claiming he has been disabled since the date of his most recent injury. His applications were denied. After his requested hearing, an administrative law judge (ALJ) decided against his claim on December 14, 1981. The department's appeals council affirmed this decision. Carpenter filed suit for review of the decision in United States District Court for the Eastern District of Arkansas. The district court granted the Secretary's motion for summary judgment, and dismissed the case on October 12, 1983. Carpenter then brought this appeal.

We reverse and remand the case for the following reasons:

■ First, the ALJ acknowledged that Carpenter could not return to his former work, but nothing in the record indicates that the ALJ then shifted the burden to the Secretary to prove that Carpenter could perform some other substantial gainful activity. We have repeatedly held that failure to shift this burden is reversible error. See, e.g., Jackson v. Schweiker, 696 F.2d 630, 631 n. 1 (8th Cir.1983); Tucker v. Schweiker, 689 F.2d 777, 779 (8th Cir.1982).

■ Secondly, the ALJ found that Carpenter could perform light or sedentary work, and we cannot find substantial evidence to support this finding. The ALJ arrived at this decision by discrediting Carpenter's testimony that he is unable to sit for long periods of time due to back and leg pain, because Carpenter had testified

that he is able to handle a riding lawn mower and spends his average day sitting or lying around the house. It is interesting to note that this written finding differs substantially from the ALJ's conclusion at the hearing:

> This is one where a certain amount of credence will have to be placed on your testimony as to the pain you experience * * * but as I say, I don't think that we will have any problems here since your testimony seems to be pretty well corroborated with medical evidence.

Tr. at 53.

Carpenter's actual testimony was that he used the riding lawn mower once in awhile, but that "he lets his daughter do it quite a bit." This is hardly testimony indicating that Carpenter does not suffer disabling pain. Further, we do not see how the fact that Carpenter spends his average day sitting or lying at home means that his complaints of pain are not believable.

At any rate, the record consistently shows that Carpenter suffers disabling pain. When asked whether he could manage a purely sedentary job, Carpenter responded:

> If I had to sit very long, it would depend a whole lot on the chair. I go to the DAV meeting, and if I just have to sit very long at a time, if I can't get up and try to kind of move around and relax my back, it just hurts so bad—the lower parts—just gets dead on me. There's places that I could stick pins that I wouldn't even feel if I sit—had to sit very long.

Tr. at 37.

Carpenter also testified that his pain is continual, and that occasionally he cannot even get up from the couch without first rolling onto the floor and then propping himself up with his cane. His wife testified to his constant difficulties in sitting or walking. The medical record consistently notes Carpenter's pain, and diagnoses specific conditions—chronic lumbrosacral strain and degenerative arthritis—which cause it. The doctors have prescribed braces for both his back and his knee, as well

as prescribing pain medication. We have held in past decisions that the ALJ may not disregard a claimant's subjective complaints of pain solely because there exists no objective evidence in support of such complaints. *Simonson v. Schweiker,* 699 F.2d 426, 429–430 (8th Cir.1983); *Tucker v. Schweiker, supra,* 689 F.2d at 780–781; *Northcutt v. Califano,* 581 F.2d 164, 166 (8th Cir.1978). In this case, the ALJ disbelieved Carpenter's pain complaints *even though* they were consistently supported by objective medical evidence.

Although the medical report for the Disability Determination Section by Dr. Dickson concluded that Carpenter could remain standing for up to six hours, this opinion is insubstantial when contrasted with the remainder of the medical evidence in the record. For example, Dr. Lopez, Carpenter's treating physician, concluded that he was unable to perform any work that involves prolonged sitting. Even the ALJ discredited Dr. Dickson's opinion at the conclusion of the hearing:

> [O]f course I understand that he's an excellent doctor, but on these Social Security cases, he probably doesn't spend too much time in examination. * * * Dr. Lopez * * * seems to have gone into your problem more thoroughly than some of the others.

Tr. at 52.

■ Finally, in ruling against disability and concluding that Carpenter could perform sedentary work, the ALJ applied the Secretary's medical vocational guidelines. This also is reversible error. We have held that these guidelines are not applicable when the claimant is suffering from a significant nonexertional impairment such as chronic pain. *See, e.g., Nicks v. Schweiker,* 696 F.2d 633, 636 (8th Cir.1983).

■ In conclusion, we hold that the ALJ's decision denying disability is not supported by substantial evidence. Rather, the only supportable conclusion from this record is that Carpenter's chronic pain from his latest knee and back injuries prevents him from performing substantial

gainful activity. Accordingly, we reverse the judgment of the district court, with instructions to it to remand to the Secretary for a determination of appropriate disability benefits for Carpenter.