**C.C. ORR, Appellant,**

v.

**Margaret HECKLER, Secretary, Health and Human Services of the United States, Appellee.**

No. 83–2496.

United States Court of Appeals, Eighth Circuit.

Submitted May 18, 1984.

Decided June 29, 1984.

Denver L. Thornton, El Dorado, Ark., for appellant.

W. Asa Hutchinson, U.S. Atty., Larry R. McCord, Asst. U.S. Atty., Fort Smith, Ark., Frank V. Smith, III, Regional Atty., Thomas Stanton, Asst. Regional Atty., U.S. Dept. of Health and Human Services, Dallas, Tex., for appellee.

Before ROSS, McMILLIAN, and ARNOLD, Circuit Judges.

ROSS, Circuit Judge.

C.C. Orr appeals from the order of the Honorable Oren Harris, United States District Court for the Western District of Arkansas, affirming the decision of the Secretary of Health and Human Services denying disability benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.* Orr contends (1) the decision is not supported by substantial evidence, (2) the administrative law judge (hereinafter ALJ) failed to inform him that he was entitled to have an attorney present, (3) the ALJ failed to fully and adequately develop the record, and (4) the ALJ improperly discounted Orr's allegations regarding pain and alcoholism. We reverse.

Orr is a 58 year old man who completed 12th grade and had worked in chemical and plastic manufacturing plants. In November 1980 Orr was admitted to the Veterans Administration Hospital. He was discharged with a diagnosis of peptic ulcer disease; gastric ulcers; history of heavy ethanol abuse; chronic bronchitis; gout; and diabetes mellitus. Dr. Ingram stated that Orr has degenerative arthritis of the spine which causes back pain. Dr. Fincher stated that Orr was totally and permanent-

ly disabled because of cirrhosis of the liver, arterio sclerotic hypertensive cardiovascular disease and gout.

Orr testified that he was an alcoholic, and that he had been turned down for jobs because of his back. He also testified that he could sit for up to three hours while playing dominoes and could use his arms, feet and hands.

The ALJ found:

The claimant has the following impairments: degenerative arthritis of the spine with no neurological involvement related to degenerative arthritis; a history of gout; a history of high blood pressure; a history of chronic alcohol abuse; and mild chronic obstructive pulmonary disease.

Based on claimant's testimony and the medical evidence, Mr. Orr's allegations of disabling pain and discomfort are not found to be credible.

The claimant does not have any impairment or impairments which significantly limit his ability to perform basic work-related functions; therefore, the claimant does not have a severe impairment.

Since the claimant does not have a severe impairment, he was not under a "disability" as defined in the Social Security Act, at any time through the date of this decision.

Orr argues that he was not properly apprised of his right to an attorney at the hearing. According to the Secretary, Orr received three notices which told him that he had a right to representation and where to obtain representation. Assuming, arguendo, that this notice was adequate, the ALJ was required to fully and fairly develop the record and question Orr in detail about his impairments and abilities. We find error in this regard. *Thorne v. Califano*, 607 F.2d 218 (8th Cir.1979).

Orr contends that the ALJ should have inquired into the following:

the extent and degree of alcoholism; the effects of alcoholism upon him psychologically; the effects of alcoholism upon him physically; effects of alcohol and the other diseases in combination upon him physically and psychologically; ability of the appellant to resolve his problems; extent of organ damages and effects; psychiatric problems other than those related to alcohol; supporting lay testimony; side effects of treatment and medicals necessary to create the alcoholism and other physiological problems; RFC to do past relevant work on a sustained basis; effect of gout and arthritis in his weight bearing joints; cause of "rapid rate" heart; effects of prostate problems; cause and effect of edema of the ankles; cause and effect of the bilateral muscle wasting throughout his upper and lower extremities; the extent of hypertension and its effects; * * *.

We agree. The record in this case is not fully developed, particularly with regard to the psychological aspects of alcoholism; and the ALJ clearly did not properly consider Orr's allegations of pain. *See Baugus v. Secretary of HEW*, 717 F.2d 443, 447–48 (8th Cir.1983).

We reverse and remand for development of an adequate record and for proper consideration of Orr's allegations of pain.

Reversed and remanded.