George E. MELLON, Appellant,

v.

Margaret HECKLER, Secretary of Department of Health and Human Services, Appellee.

No. 83–2454.

United States Court of Appeals, Eighth Circuit.

Submitted June 11, 1984.

Decided Aug. 9, 1984.

Frederick S. "Rick" Spencer, Mountain Home, Ark., for appellant.

W. Asa Hutchinson, U.S. Atty., Deborah H. Groom, Asst. U.S. Atty., Frank V. Smith, III, Regional Atty., Thomas Stanton, Asst. Regional Atty., U.S. Dept. of Health and Human Services, Dallas, Tex., for appellee.

Before BRIGHT, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

BRIGHT, Circuit Judge.

George E. Mellon appeals from a judgment of the district court[1] affirming a decision of the Secretary of Health and Human Services denying disability insurance benefits. For the reasons that follow, we reverse and remand this case.

At the time of the April 1981 administrative hearing, Mellon was forty years old, functionally illiterate, and had work experience as a laborer in the construction industry. He last worked in June of 1979. Mellon testified that he was unable to work because of constant pain. He stated he did not take prescribed pain medication but instead drank two quarts of bourbon a week. He stated, however, that he was able to lift a 50-pound bag of chicken feed,

---

**1.** The Honorable H. Franklin Waters, Chief Judge, United States District Court for the Western District of Arkansas.

but that this activity caused pain and fatigue.

Medical evidence indicates that Mellon was hospitalized in March and May of 1978 for back pain and was diagnosed as having acute back strain with a possible disc injury. In August 1980, Mellon was examined by a consulting physician, who diagnosed chronic low back strain, subjective right leg pain and numbness, chest pain, probable cigarette bronchitis, alcoholism, a chronic hearing defect in the left ear, and hypertension.

In March 1981, Dr. Douglas Stevens, a clinical psychologist, examined appellant. After psychological and intelligence testing, Dr. Stevens found Mellon to be a functional illiterate suffering from the "double barreled" problem of depression and hysteria. Dr. Stevens explained that Mellon had a "strong tendency to convert any stress or pressure to hysteriod types of complaints and to unconsciously increase the level of perceived discomfort and disability." Dr. Stevens suggested that Mellon's condition might improve if he were able to attend a residential treatment center. However, Dr. Stevens noted that Mellon could not afford such treatment and that public assistance was unavailable.

The ALJ denied benefits, finding that Mellon's subjective complaints of pain were not credible and that his psychological impairment was remediable and did not significantly affect his residual functional capacity for medium work. Accordingly, the ALJ relied on the Medical-Vocational Guidelines to direct a finding of no disability.

█ In this case, the ALJ committed several errors that warrant a remand. First, the ALJ improperly discounted Mellon's complaints of pain. The ALJ erroneously relied on Mellon's testimony that he could lift a 50-pound sack of chicken feed. Although Mellon testified that he could lift the bag, he also stated that to do so caused him such pain that he had to lie down. Considered with Dr. Stevens' observation that Mellon overestimated his abilities, this testimony is insufficient to show that Mellon could perform medium work activities.

See Carpenter v. Heckler, 733 F.2d 591, 593 (8th Cir.1984). The ALJ also erred in failing to give greater weight to the psychological origin of Mellon's pain. See Cole v. Harris, 641 F.2d 613, 614–15 (8th Cir.1981). The uncontroverted evidence is that Mellon's hysteria caused him to convert stress to pain. "The ALJ cannot simply ignore the uncontroverted medical evidence that [claimant] suffers from pain having its origin in a psychological disorder." Reinhart v. Secretary, 733 F.2d 571, 572–73 (8th Cir.1984).

Second, there is no evidence in the record to suggest that Mellon's psychological impairment is remediable. Dr. Stevens' report suggested that a stay at a residential treatment center might offer a chance of success, but noted that Mellon could not afford such treatment. See Allred v. Heckler, 729 F.2d 529, 532 (8th Cir.1984) (doctor's report that claimant might be capable of work after rehabilitation not substantial evidence of present ability to perform substantial gainful activity); Tome v. Schweiker, 724 F.2d 711, 714 (8th Cir.1984) (in determining whether an impairment is reasonably remediable by the particular individual, an ALJ must consider the claimant's financial ability).

Third, the ALJ erred in ignoring the evidence of Mellon's alcoholism and how it relates to his functional abilities. See Orr v. Heckler, 737 F.2d 770 at 771 (8th Cir. 1984). On remand, the ALJ must develop the evidence, including "the extent and degree of alcoholism; the effects of alcoholism upon him psychologically[,] physically * * * [and] in combination [with other impairments], [and his] ability * * * to resolve his problems." Id.

In addition, on remand we direct the Secretary to consider 20 C.F.R. § 416.936 (1983), which provides that "if the Secretary determines that a supplemental security income (SSI) claimant is an alcoholic, the claimant must take appropriate treatment for [the] condition as a[n] alcoholic at an approved institution or facility, when the treatment is available. [The claimant is] not expected to pay for this treatment * * *." In Adams v. Weinberger, 548 F.2d 239, 245–46 (8th Cir.1977), this court in considering the

regulations preceding 20 C.F.R. § 416.936 suggested that the Secretary could also condition the receipt and continuation of disability insurance benefits to an alcoholic upon "the claimant's undertaking reasonable efforts [e.g. joining Alcoholics Anonymous] to treat his affliction." *Id.* at 245 (footnote omitted). The Third Circuit has recently cited *Adams* with approval and stated that "the Secretary's practice with respect to disability payments to alcoholics should be similar to those followed for SSI benefits." *McShea v. Schweiker*, 700 F.2d 117, 120 (3d Cir.1983).

Last, because of the presence of nonexertional impairments of depression, hysteria, pain, fatigue, and alcoholism, the ALJ erred in relying on the Medical-Vocational Guidelines. *See Tucker v. Schweiker*, 689 F.2d 777, 780 (8th Cir.1982). On remand, assuming the evidence as developed does not conclusively establish that Mellon is disabled, in order to demonstrate that jobs are available for Mellon, the ALJ must produce a vocational expert and pose to the expert a hypothetical question that precisely sets forth Mellon's physical and mental impairments. *Id.*

Accordingly, this case is reversed and remanded for further proceedings consistent with this opinion.