Robert J. HUNT, Appellant,

v.

Margaret M. HECKLER, Secretary of Health & Human Services of the United States, Appellee.

No. 84–1355.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 8, 1984.

Decided Nov. 14, 1984.

Robert Pratt, Des Moines, Iowa, for appellant.

Robert C. Dopf, Des Moines, Iowa, for appellee.

Before LAY, Chief Judge, and ROSS and McMILLIAN, Circuit Judges.

ROSS, Circuit Judge.

Robert J. Hunt applied for disability insurance benefits in July of 1982, claiming that he was disabled by hip injuries sustained in a fall at work. His application was denied initially and upon reconsideration. At Hunt's request, an evidentiary hearing was conducted before an administrative law judge (ALJ) on January 13, 1983. The ALJ determined that, although Hunt had a disability that kept him from returning to his former job, he was still capable of performing light work. Therefore, the benefits were denied. On May 18, 1983, the Appeals Council of the Social Security Administration affirmed the decision of the ALJ.

Hunt filed suit seeking to set aside the Secretary's denial of benefits. He now appeals the district court's order affirming the decision of the Secretary. For the reasons that follow, we reverse and remand.

**I. Facts**

Hunt testified before the ALJ that he was 54 years old and lived in Milo, Iowa. He had reached the seventh grade before dropping out of school at the age of 18. He had also completed a six month cooking course in 1962. His employment history includes work as a cook, dishwasher, welder; and most recently, he worked as an assembler and maintenance person at a company that makes feed applicators.

On January 19, 1978, Hunt fell at work and broke his right hip. Medical records indicate that Hunt underwent surgery four times as a result of that injury. The last operation, on July 18, 1979, involved a total replacement of his right hip. Later, in May of 1980, Hunt was treated for injuries his right hip sustained in an automobile accident.

Due to the problems with his hip, Hunt was unable to perform the lifting, standing, and walking required at his job and on April 17, 1981, he was terminated. Hunt testified that he was able to walk with a cane and that as part of his treatment he walked one mile per day and did exercises with an eight pound weight on his leg. He further stated that he was able to do light housework, such as making beds and vacuuming.

Progress notes of Hunt's orthopedic surgeon, Dr. Marvin H. Dubansky, indicate that he experiences pain and difficulty moving his right hip. An evaluation by another orthopedic surgeon, Dr. Lon R. Brewer, was conducted at the request of the Social Security Administration. Dr. Brewer's report notes that Hunt suffers from sharp intermittent pain in his right hip that will occur a couple of times each day and last 10–15 minutes.

A report by Dr. David Sampel, a psychologist who evaluated Hunt, concluded that Hunt had a full-scale I.Q. of 80, which is in the low average range of intelligence, and that he was mildly depressed. Another psychologist, Dr. Todd Hines, found that Hunt was suffering from high levels of depression and anxiety and attributes them to the pain and disability stemming from Hunt's industrial accident in January of 1978.

**II. Discussion**

**A. Burden of Proof**

This court has held on many occasions that once the claimant has shown a

disability that prevents him from returning to his previous line of work, the burden shifts to the ALJ to show that there is other work in the national economy that he could perform. *See, e.g., Baugus v. Secretary of Health and Human Services*, 717 F.2d 443, 445–46 (8th Cir.1983); *Nettles v. Schweiker*, 714 F.2d 833, 835–36 (8th Cir. 1983); *O'Leary v. Schweiker*, 710 F.2d 1334, 1337 (8th Cir.1983). The evidence is clear that Hunt was unable to perform the lifting and standing required at his former job. Therefore, the burden was on the ALJ to establish with substantial evidence that Hunt has the capacity to do other kinds of work and that, considering his qualifications and capabilities, there is some work in the national economy that he can perform. *McCoy v. Schweiker*, 683 F.2d 1138, 1146–47 (8th Cir.1982) (en banc). The issue here is whether it was proper for the ALJ to rely on the "grid" found in 20 C.F.R. Appendix 2, § 202.00 (1984) to meet this burden.

### B. Residual Functional Capacity and the Grid

The Social Security Administration classifies jobs in the national economy as sedentary, light, medium, heavy and very heavy. 20 C.F.R. § 404.1567 (1984). These job classifications are defined solely in terms of strength. They take into consideration the exertional tasks required for the job. Light work, for example, requires the ability to lift up to 20 pounds at a time with frequent lifting or carrying of objects weighing 10 pounds or less, and a good deal of walking or standing. 20 § C.F.R. 404.1567(b) (1984). When a claimant is able to perform the jobs of a classification despite his impairment on a sustained basis, he is said to have a residual functional capacity (RFC) to do that kind of work. The ALJ found that Hunt had the RFC to do light work.

The Administration has also developed a listing of Medical-Vocational Guidelines. 20 C.F.R. § 404.1569 and Appendix 2, §§ 200.00–204.00 (1984). These guidelines contain tables called "grids" which contain various combinations of RFC's and other criterion. The grids are used by the Administration to determine whether a claimant is disabled.

In this case, the ALJ used the grid which applies to persons with the RFC to perform light work. 20 C.F.R. Appendix 2, § 202.00 (1984). He placed Hunt on the grid under § 202.10 which provides:

Table No. 2—Residual Functional Capacity: Maximum Sustained Work Capacity Limited to Light Work as a Result of Severe Medically Determinable Impairments

| Rule | Age | Education | Previous Work Experience | Decision |
|------|-----|-----------|--------------------------|----------|
| 202.10 | Closely approaching advanced age. [50–54] | Limited or less—at least literate and able to communicate in English. | unskilled or none. | Not disabled. |

The grid called for a decision that Hunt was not disabled. Therefore the benefits were denied.

### C. Nonexertional Impairments

In *McCoy*, we discussed the limitations on use of the grid when nonexertional impairments are present, stating:

RFC is defined wholly in terms of the physical ability to perform certain exertional tasks. If a claimant has a nonexertional impairment, the Guidelines and grid are not controlling and cannot be used to direct a conclusion of disabled or not disabled without regard to other evidence, such as vocational testimony. See Appendix 2, § 200.00(e).

*McCoy v. Schweiker, supra*, 683 F.2d at 1148. *See also O'Leary v. Schweiker, supra*, 710 F.2d at 1338–39.

We further discussed the effect of pain as a nonexertional impairment. We stated:

Pain may be a nonexertional factor to be considered in combination with exertional limitations as well as a separate and independent ground for disability. Where pain is considered as a separate ground for disability, of course, it must be severe enough to prevent the claimant from engaging in *any* substantial gainful employment. Where pain is considered in combination with exertional limitations, however, it need only be found significant enough to prevent the claimant from engaging in the full range of jobs contemplated by the exertional category for which the claimant otherwise qualifies.

*Id.* at 1148 (*quoting Gagnon v. Secretary of Health and Human Services*, 666 F.2d 662, 666 n. 8 (1st Cir.1981)) (emphasis in original).

Here, the claimant's pain is not a separate ground for disability, but rather a nonexertional impairment to be considered in combination with his exertional impairments. Before the grid may be applied, the ALJ must show by vocational expert testimony or other evidence that Hunt's pain, in combination with his exertional limitations, does not limit his ability to perform all of the jobs contemplated by the light work RFC.

· There is also evidence in the record that Hunt suffers from depression and anxiety. Such psychological disorders are also nonexertional impairments. *See McCoy v. Schweiker, supra*, 683 F.2d at 1148. Again, before the grid may be applied, the ALJ must show that Hunt's depression and anxiety, in combination with his exertional limitations, does not limit his ability to perform all of the jobs contemplated by the light work RFC.

### III.  Conclusion

We vacate the decision of the district court and remand the case with directions to remand to the Secretary to evaluate Hunt's complaint consistent with this opinion.