**Ray D. PETTIJOHN, Appellant,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Appellee.**

No. 84–2108.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 13, 1985.

Decided April 12, 1985.

Robert W. Pratt, Des Moines, Iowa, for appellant.

John Griffin (law intern) supervised by Christopher D. Hagen, Asst. U.S. Atty., Des Moines, Iowa, for appellee.

Before ROSS and BOWMAN, Circuit Judges, and OLIVER *, Senior District Judge.

PER CURIAM.

Ray D. Pettijohn, a 50-year old man with a tenth grade education, was employed for 31 years as a tire builder. He was hospitalized in January of 1980 for a heart attack. Subsequent to his release from the hospital he sought treatment for chest pain, knee pain and neck pain. In November 1982 he applied for disability benefits. His applica-

* JOHN W. OLIVER, Senior District Judge, West-     ern District of Missouri, sitting by designation.

tion was administratively denied and the United States District Court for the Southern District of Iowa subsequently affirmed the decision of the Secretary.

Pettijohn contended on appeal[1] that the Secretary's decision was not supported by substantial evidence. At issue is whether the district court properly found that the ALJ had met the burden of showing that there was other work which Pettijohn could perform and whether the ALJ's reliance on the Secretary's regulations, the "grid," which directed a finding of not disabled was not proper. We reverse and remand for further consideration of the pain issue in accordance with *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir.1984).

There is no question in this case that appellant was unable to return to his former work as a tire builder. That job required him to lift 20–50 pounds every 2–3 minutes and to stand throughout his shift. The ALJ so found. The ALJ also found that appellant's heart desease and arthritis of the knees both constituted severe impairments. The ALJ failed, however, to make any findings in regard to appellant's complaints of chest and knee pain, testimony supported by the reports of two treating physicians. Instead, the ALJ found that appellant had the residual functional capacity to perform a wide range of light work. Accordingly, the ALJ then applied the "grid" to direct a finding that appellant was not disabled. This was reversible error.

■■■ Appellant testified that he had sharp chest pains which made him unable to do any kind of work. This testimony was supported by the clinical findings of two treating physicians. Dr. Iannone reported appellant had atherosclerotic heart disease and angina and Dr. Bell diagnosed degenerative arthritis of the knees. Pain may be a nonexertional impairment. *McCoy v. Schweiker*, 683 F.2d 1138, 1148

(8th Cir.1982) (en banc). It was error for the ALJ to automatically apply the grid without obtaining vocational testimony or other evidence of appellant's residual functional capacity. *See e.g., Hunt v. Heckler*, 748 F.2d 478, 480 (8th Cir.1984); *Carpenter v. Heckler*, 733 F.2d 591, 592 (8th Cir. 1984); *McDonald v. Schweiker*, 698 F.2d 361, 364 (8th Cir.1983).

The ALJ evidently did not consider appellant's complaints of chest and knee pain and made no findings as to them. He found that appellant's complaints of neck pain were not supported by clinical evidence of record and that there was no evidence of a "significantly adverse effect" on appellant's capacity to perform basic work-related functions.

In *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984), we set forth the standard of evaluating pain to which the Secretary has agreed. The validity of that standard, in light of the Social Security Disability Benefits Reform Act of 1984, Pub.L. No. 98–460, 98 Stat. 1794 (1984), was affirmed in *Polaski v. Heckler*, 751 F.2d 943, 948, 950 (8th Cir.1984).

We think it evident that this case must be reversed and remanded for evaluation of Pettijohn's complaints of pain in accord with the standard set forth in *Polaski*. Reversed and remanded.

It is so ordered.

---

**1.** At oral argument this Court was informed for the first time that appellant died December 9, 1984. While having no bearing on our decision today, this fact may affect the ultimate amount, if any, and disposition of benefits. *See* 42 U.S.C. §§ 402(i) and 404(d).