**Willa BELL, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of the Department of Health and Human Services, Defendant.**

**No. 84–1004–CV–W–3.**

United States District Court, W.D. Missouri, W.D.

May 16, 1985.

Janice I. Cebula, Legal Aid of Western Mo., Kansas City, Mo., for plaintiff.

Judith Strong, U.S. Atty's Office, Kansas City, Mo., for defendant.

## OPINION AND ORDER REMANDING TO THE SECRETARY

ELMO B. HUNTER, Senior District Judge.

Pending before the Court are cross motions for summary judgment filed by the parties in this case. Plaintiff originally filed for benefits on March 7, 1983, alleging several physical impairments, including systemic lupus erythematosus, carpal tunnel syndrome, and high blood pressure. Plaintiff's application was denied June 1, 1983, and was again denied after reconsideration on July 21, 1983. Plaintiff's hearing was held before the administrative law judge [ALJ] on November 28, 1983, and his decision finding plaintiff not disabled was issued April 30, 1984. Plaintiff was denied review by the Appeals Council on July 23, 1984, and she filed this action September 21, 1984.

At her hearing in 1983, plaintiff complained of pain in her hands, right leg, hips, ankles, lower back, "long bones," chest, and stomach. Tr. at 36–39, 46–47. She also complained of dizziness, memory lapses, hypertension, eye trouble, a facial rash, and hair loss (although the ALJ remarked on her "full head of hair" with a receding hairline). Tr. at 42, 49–51. The medical evidence included in the transcript indicated that lupus had been diagnosed in 1963 or 1964 but had previously been controlled with medication, that plaintiff had suffered previous episodes of "cerebritis" before her February, 1983, hospitalization, that she underwent a right carpal tunnel release in 1981 and a left carpal tunnel release in 1983, and that she had suffered various other physical problems for several years. Tr. at 92–127.

In concluding that plaintiff was not disabled, the ALJ determined that the systemic lupus erythematosus was in remission and that the "residuals of carpal tunnel

syndrome" only limited her ability to carry, lift, and do fine manipulation. Tr. at 11. The ALJ found that plaintiff's complaints of pain were "out of proportion" to the objective medical evidence and that the lupus condition was not a "severe" impairment, therefore he concluded that although she could not perform her past occupation, she could, based on the medical-vocational guidelines, perform light work. Tr. at 9–10.

■ Pursuant to 42 U.S.C. § 405(g), the Court finds it necessary to remand this case to the Secretary for further action. According to the record, it was the final decision of the Secretary that the plaintiff was unable to return to her former occupation as a licensed practical nurse. Tr. at 10. Once the plaintiff shows that she cannot perform her past work, the Secretary has the burden of proving that there is some other type of work that she is able to do. *Hunt v. Heckler*, 748 F.2d 478, 481 (8th Cir.1984); *Carpenter v. Heckler*, 733 F.2d 591, 592 (8th Cir.1984); *McGhee v. Harris*, 683 F.2d 256, 258 (8th Cir.1982). It is reversible error if the burden of proof is not shifted from the claimant to the Secretary in this situation. *Carpenter*, 733 F.2d at 592. The Secretary cannot use the medical-vocational guidelines as proof that a claimant can perform some other type of work, if the plaintiff suffers a "significant nonexertional impairment such as chronic pain." *Id.*, at 593. The plaintiff testified at her hearing that she suffered a significant amount of pain, such that she had difficulty walking, standing, or sitting for long periods of time, Tr. at 37–39, that she was unable to lift or hold objects, Tr. at 35–37, 53, and that it might take up to four hours to get dressed due to the pain in her hands and shoulders, Tr. at 54. The Secretary is not required to believe everything to which a claimant testifies, but she must support her disbelief with a legally sufficient reason; otherwise, "it is improper to rely on the grid as directing a finding of eligibility" for benefits. *Marshall v. Heckler*, 731 F.2d 555, 557 (8th Cir.1984). Of the many reported opinions in the Eighth Circuit dealing with the evaluation of sub-

jective complaints of pain, the decision in *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984) states most clearly that the lack of objective medical evidence to corroborate the subjective complaints is "just one factor" among several which must be considered. The Secretary's disbelief cannot be based "solely on the lack of objective medical findings." *Clark v. Heckler*, 733 F.2d 65, 68 (8th Cir.1984). Although the Secretary duly mentions the *Polaski* factors in her motion for summary judgment, the *Polaski* decision was not handed down until after the ALJ's decision was issued. It is unclear from the record whether all factors were appropriately considered (or whether sufficient evidence was taken to consider them) in the ALJ's finding that that plaintiff's pain was not so significant as to be disabling or even to preclude use of the guidelines. If the Secretary cannot find legally sufficient cause to discredit plaintiff's subjective complaints, then she must show by testimony of a vocational expert (or other evidence) that plaintiff's pain, in combination with her exertional limitations, does not limit her ability to perform the jobs contemplated by the guidelines. *Marshall v. Heckler*, 731 F.2d at 557; *Hunt v. Heckler*, 748 F.2d at 481. Based on the record before the Court, it is unclear whether the Secretary has placed too much emphasis on her finding that the complaints of pain are "out of proportion" to the objective medical evidence.

■ An additional problem for the Court in this case is the record itself. It is the duty of the Secretary to develop the record, which entails inquiring into the specific limitations caused by the plaintiff's impairments, establishing by medical evidence that plaintiff has the residual functional capacity to perform some kind of work prior to a finding of non-disability, determining the effects of the impairments that are established, and providing the Court with a complete and legible record. *Miller v. Heckler*, 756 F.2d 679 (8th Cir.1985); *Vaughn v. Heckler*, 741 F.2d 177, 179 (8th Cir.1984); *Orr v. Heckler*, 737 F.2d 770

(8th Cir.1984). The record does not provide sufficient insight into the effects of systemic lupus erythematosus or what functional limitations are caused by this condition, whether the attacks of "cerebritis" stemming from this condition play a significant role in limiting future activities, and whether the findings of the physicians involved in plaintiff's treatment provide support for her claim of disability. Significant statements by the treating physician, now deceased, are barely, if at all, legible. *See* Tr. at 117–18. The Court is unable to interpret the results of a myriad of tests without an informed medical summary or analysis which explains how they affect the plaintiff's ability or inability to perform a recognizable job. *See Brissette v. Heckler*, 730 F.2d 548, 550 (8th Cir.1984).

Accordingly, the Court remands this case pursuant to 42 U.S.C. § 405(g) to the Secretary for further action as explained herein, and in particular:

(1) To explain her rejection of subjective evidence of pain for a legally sufficient reason, taking into consideration all relevant evidence, or otherwise call a vocational expert to testify concerning plaintiff's ability to work in light of her exertional and nonexertional impairments; and

(2) To develop a sufficient record regarding the effects and functional limitations of plaintiff's established impairments and how such impairments affect her ability to perform "substantial gainful activity," through the introduction of a medical summary or analysis of her impairments.

SO ORDERED.