**John L. DOVER, Appellant,**

v.

**Otis R. BOWEN,\* Secretary of Health and Human Services, Appellee.**

No. 85–1223.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 14, 1986.

Decided Feb. 20, 1986.

---

* Otis R. Bowen has succeeded Margaret M. Heckler, originally named as appellant in this case, as Secretary of Health and Human Services, and the court accordingly, on its own motion, substitutes him as party appellee. *See* Fed.R. App.P. 43(c)(1).

Anthony W. Bartels, Jonesboro, Ark., for appellant.

Virginia Cronan, Health and Human Services, Baltimore, Md., for appellee.

Before McMILLIAN and JOHN R. GIBSON, Circuit Judges, and MURPHY,** District Judge.

McMILLIAN, Circuit Judge.

John L. Dover appeals from a final judgment of the District Court for the Eastern District of Arkansas affirming a decision of the Secretary of Health and Human Services (Secretary) denying his applications for disability insurance benefits and supplemental security income benefits. For the reasons discussed below, we reverse and remand.

** The Honorable Diana E. Murphy, United States District Judge for the District of Minnesota, sitting by designation.

Appellant, who has had four back operations, was born in 1951 and has the equivalent of a high school education. His employment history includes work in industrial maintenance and in construction. From 1978 until 1980 appellant received disability benefits due to a back injury. After the Secretary informed him in 1980 that his disability had ceased and terminated his benefits, appellant returned to maintenance and construction work.

The medical evidence reveals that in July 1981, following a work-related injury to his back, Dr. Thomas Miller performed a partial hemilaminectomy and removed a herniated nucleus pulposus. Dr. Miller released appellant to return to maintenance work in October 1981. In January 1982 appellant again sustained a work-related back injury and was hospitalized with a diagnosis of lumbosacral sprain with radiculopathy.

In February 1982 appellant was examined by Dr. James McClure, a consulting physician for the Secretary. Dr. McClure diagnosed post-operative removal of lower lumbar discs with a solid and mature fusion, functional overlay, and compensation overlay. In March 1982 appellant was hospitalized for a kidney stone manipulation. In June 1982 appellant had hernia repair by Dr. James Drake, who reported that from a surgical standpoint appellant should be able to return to work in August 1982. However, since July 1982 appellant has not returned to work.

At the May 1983 administrative hearing, appellant testified that he was unable to work because of severe pain. He testified that he took three medications, which kept him "pretty well down." He stated that his daily activities were confined to sitting and reading or bed rest.

The administrative law judge (ALJ) denied benefits, finding that although appellant could not perform his past work he had the ability to perform light work and accordingly was not disabled. The ALJ concluded that appellant's allegations of se-

vere disabling pain were not credible because appellant had not taken any steps consistent with disabling pain. The ALJ specifically noted that appellant had received minimal medical attention and had used minimal medications.

After the ALJ's denial of benefits, appellant submitted medical reports by Drs. Yelvington and Bogaev to the Appeals Council. Outpatient progress notes from Dr. Yelvington indicate that appellant had been seen in the emergency room several times in January and February of 1983 for back pain. In a note dated January 25, 1983, Dr. Yelvington stated, "I have a feeling that this man really does have back pain but ... that this is a person that has been caught up in the surgery-pain-surgery cycle...." In a February 1, 1983, note, Dr. Yelvington stated that he had explained to appellant "that he has a chronic back pain and this is not curable as we now know it." Dr. Yelvington reported that he was investigating biofeedback in an attempt to relieve appellant's pain but noted that appellant had "dire financial troubles." Dr. Yelvington also stated that he would not prescribe any more narcotic medications because of his suspicion that appellant was becoming addicted. In April 1983 Dr. Yelvington hospitalized plaintiff for low back pain, neck stiffness, and a headache. At that time Dr. Yelvington believed that appellant had "some psychiatric problems with depression" and prescribed Elavil and Thorazine.

Appellant also submitted a report from Dr. Bogaev who stated that in August 1983 appellant had kidney stone removal and that he believed that appellant's complaints of pain at that time were primarily due to the kidney stone and not to his back.

The Appeals Council reviewed the reports but found that the reports did not provide a basis for vacating the ALJ's decision.

■ The Secretary has committed several errors that warrant reversal and remand. First, although the ALJ concluded that appellant could not return to his previous work, the ALJ did not expressly recognize that the Secretary has the burden of proof to establish that appellant could perform other jobs in the national economy. This court has held "if the ALJ fails to expressly recognize this shift in the administrative decision, we must assume that the burden of proof was improperly allocated." *Lanning v. Heckler,* 777 F.2d 1316, 1317 (8th Cir.1985). "Since this is not a case where we can say for certain that the claimant either would have won or lost irrespective of who shouldered the burden of proof, we must remand." *Id.* *See also Ulrick v. Heckler,* 780 F.2d 1381, 1382–1383 (8th Cir.1985).

■ Second, we also believe the ALJ erroneously discounted appellant's allegations of disabling pain. Although it is permissible in assessing the severity of pain for an ALJ to consider a claimant's medical treatment and medications, the ALJ must consider a claimant's allegation that he has not sought medical treatment or used medications because of a lack of finances. *Tome v. Schweiker,* 724 F.2d 711, 714 (8th Cir.1984). In this record appellant reported to physicians that he had no financial resources. In addition, contrary to the ALJ's findings that appellant had used few pain medications, the record indicates that appellant used various prescribed pain medications but that the medications provided him little relief and caused side effects. In addition, we note that Dr. Yelvington discontinued prescribing narcotic medications because he feared that appellant was becoming addicted. The ALJ also erred in discounting appellant's allegations of pain because he failed to consider whether appellant's pain had a psychological origin, as evidenced by the 1982 consulting physician's report. *Mellon v. Heckler,* 739 F.2d 1382, 1383 (8th Cir.1984). We also note that by 1983 appellant was diagnosed as having depression. On remand the ALJ should further investigate any possible mental impairments during the period covered by these applications.

■ On remand, assuming the evidence as developed does not conclusively estab-

338

lish that appellant is disabled, we believe that vocational expert testimony is needed to satisfy the Secretary's burden of demonstrating the availability of jobs in the national economy that appellant could perform. *See Day v. Heckler,* 781 F.2d 663, 665 (8th Cir.1986).

Accordingly, this case is reversed and remanded to the district court with instructions to remand to the Secretary for further proceedings consistent with this opinion.