822 F.2d 1089
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mary S. RIORDAN, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 86-1814
 United States Court of Appeals, Sixth Circuit.
 July 13, 1987.
 
 Before MERRITT, MARTIN and WELLFORD, Circuit Judges.
 MERRITT, Circuit Judge.
 
 
 1
 In this Social Security appeal, the main question presented is whether the Administrative Law Judge properly found that claimant is capable of performing substantial gainful employment notwithstanding her inability to return to her previous job as a sewing machine operator.
 
 
 2
 Claimant first filed an application for disability insurance benefits on August 14, 1981 based on an alleged inability to work since October 1980. The Secretary found on May 19, 1982 that claimant was unable to engage in substantial gainful activity, and claimant was awarded a period of disability and disability insurance benefits. Claimant's disability benefits were terminated in November 1982 upon a determination that she was capable of performing substantial gainful activity.
 
 
 3
 Claimant filed another application for disability insurance benefits on November 16, 1983 based on an alleged inability to work since August 31, 1983. The Administrative Law Judge denied benefits in a decision dated December 19, 1984. The Appeals Council upheld the ALJ's decision on May 22, 1985.
 
 
 4
 Upon receiving the Secretary's final decision, claimant filed an action in the District Court. On cross-motions by the parties for summary judgment, the District Court affirmed the Secretary § decision that claimant was ineligible for benefits.
 
 
 5
 The claimant is a forty-nine year old former sewing machine operator at General Motors. The ALJ found that the 'medical evidence documents that the claimant has a severe musculoskeletal impairment diagnosed as chronic cervical shoulder pain syndrome with probable recurrent low back syndrome following multiple back surgeries.' Joint Appendix p. 16. The claimant has had three back operations and claims that the pain she suffers in her shoulders, neck arms and back prevents her from working.
 
 
 6
 The first issue raised in this case concerns whether the ALJ correctly shifted the burden of proof to the Secretary on the issue of whether claimant could do other 'substantial gainful work' pursuant to 42 U.S.C. Sec. 423(d)(2)(A) once it was determined that claimant could not return to her past relevant work. As this Court stated in Davidson v. Gardner, 370 F.2d 803, 823 (6th Cir. 1966), 'Once the applicant for disability benefits has offered evidence of the work he has done, and his inability to do that kind of work any longer, the burden is upon the Secretary to show that he can do some work of a substantial gainful nature.'
 
 
 7
 The Secretary concedes that 'the ALJ may not have specifically stated the shift in the burden of proof . . ..' Brief of Appellee at p. 14. In light of the fact that the ALJ did not acknowledge that a shift in the burden of proof occurred, it is unclear that the case was handled properly on procedural grounds. See Marshall v. Heckler, 731 F.2d 555, 556 (8th Cir. 1984) ('Since the ALJ did not acknowledge this shift in the burden, we cannot tell if he would have reached the same result if he had properly placed the burden on the Secretary.')
 
 
 8
 The second issue raised in this case relates to the uncertainty regarding claimant's ability to do sedentary work. While the ALJ concludes that 'claimant has the residual capacity to perform a full range of sedentary work,' the record is unclear as to what kind of specific work claimant could engage in and under what circumstances. The record does not indicate, for example, whether claimant could handle work outside the transitional workshop operated by General Motors.
 
 
 9
 In light of the foregoing, we remand the case to the District Court with instructions to remand to the Secretary for further proceedings consistent with this opinion and reconsideration of the burden shifting and sedentary work issues.