Matthew M. FOLKS, Appellant,

v.

SECRETARY OF the DEPARTMENT OF HEALTH AND HUMAN SERVICES OF the UNITED STATES of America, Appellee.

No. 86–5292.

United States Court of Appeals, Eighth Circuit.

Submitted March 13, 1987.

Decided Aug. 4, 1987.

Larry D. Plank, Rapid City, S.D., for appellant.

Jeffrey C. Blair, Denver, Colo., for appellee.

Before McMILLIAN, BOWMAN and WOLLMAN, Circuit Judges.

McMILLIAN, Circuit Judge.

Matthew M. Folks appeals from a final judgment entered in the District Court for the District of South Dakota affirming the denial of his application for Social Security disability benefits. Folks applied for benefits in November 1984 and, after a hearing, the administrative law judge (ALJ) denied the application. The Appeals Council denied Folks' request for review and the ALJ's decision became final. Folks sought judicial review and the district court entered summary judgment in favor of the Secretary of the Department of Health and Human Services (the Secretary). This appeal followed.

For reversal, Folks contends (1) the ALJ erred in failing to expressly acknowledge the shift in the burden of proof to the Secretary after Folks had demonstrated that because of his disability he could no longer continue in his former occupations, (2) the ALJ improperly evaluated Folks' subjective allegations of pain, and (3) the ALJ erred in applying the Medical-Vocational Guidelines in determining that Folks was not disabled. For the reasons discussed below, we reverse and remand the case to the district court with instructions.

Folks was thirty-one years old at the time of the hearing. He has had three years of college education and has also been trained as a welder. He has worked in the past as a welder and as a teacher's aide in child care.

Folks claims disabilities that affect his left hip and leg, his lower back and his right leg. These alleged disabilities stem from several sources. Folks was in a serious automobile accident in 1971 that left him in a coma for approximately six months. Folks testified at the hearing that he suspects the coma caused mental deterioration. Folks fractured his pelvis and dislocated his left hip in the accident and also had to have his right patella (kneecap) removed. Folks' left hip socket was replaced in 1974 because of traumatic arthritis of the left hip. Folks suffers from a slight leg length discrepancy that is aggravated by generalized atrophy and weakness of the shorter left leg. As a child, Folks suffered from polio that has resulted in a deformity of his left foot. He has pain in the lower back when he stands, sits or walks too long.

Folks was examined by three physicians whose evaluations were admitted at the hearing. Among other conditions, each physician diagnosed a Grade 2 spondylolesthesis of L5 on S1 (a lower back condition), and each concluded that Folks did have or may have had pain as a result of this condition. The physicians also agreed that Folks could not perform heavy labor, but disagreed about what type of work, if any, Folks could perform. Dr. James B. Kullbom determined that any type of employment would be a problem for Folks. Dr. David Boyer recommended sedentary work. Dr. Timothy Gill believed Folks was limited to "a desk-type job."

Folks testified that he could no longer work either as a welder or in child care, his past occupations, because both jobs require lifting, bending, squatting or walking, all activities that cause him back and leg pain. Folks testified that standing or sitting for more than a few minutes causes him back and leg pain. Folks also stated that he can walk only about one block before his back and leg begin to hurt. Folks walks with a cane and has done so for two years. His daily activities consist of light housework, personal care and brief errands.

Folks has not visited a doctor regularly in the last several years. At the hearing, he testified that he had taken little pain medication in recent months. On one occasion, after he fell down some stairs, Folks said he took three codeine tablets. Folks said, however, that he will occasionally smoke marijuana or drink beer to ease his pain. Folks explained that he hesitated to take prescribed pain medication because he was addicted in the past to illicit drugs.

The ALJ concluded that Folks had the impairments diagnosed by the examining physicians. He found further that Folks was unable to perform his past relevant work. The ALJ concluded, however, that Folks' subjective allegations of pain were not credible. After applying the Medical-Vocational Guidelines, the ALJ determined that Folks could perform sedentary work and therefore was not disabled.

■ Folks contends first that the ALJ erred in failing to expressly acknowledge the shift in the burden of proof to the Secretary after the ALJ had determined that Folks could not perform his past relevant work. If the record establishes that a claimant cannot return to his or her previous work, the Secretary has the burden of proving that the claimant can perform other jobs in the national economy. *Dover v. Bowen*, 784 F.2d 335, 337 (8th Cir.1986) (*Dover*). This court has repeatedly held that the ALJ must expressly acknowledge this shift in the burden of proof. *Id.* at 337; *Lanning v. Heckler*, 777 F.2d 1316, 1317 (8th Cir.1985). Unless the evidence as a whole is so strongly against the claimant's position that proper allocation of the burden of proof would not have changed the outcome, we will not assume that the ALJ implicitly shifted the burden of proof but will instead find this reversible error. *See, e.g., Dover*, 784 F.2d at 337.

■ The ALJ's decision in the present case indicates that he did not expressly acknowledge the shift in the burden of proof. Given the conflicting evidence in the record, we are unable to conclude that the failure to shift the burden of proof had no effect on the outcome. We therefore remand the case to the district court with instructions to remand to the Secretary for further administrative proceedings in which the shift in the burden of proof is expressly acknowledged.

Folks also contends that the ALJ improperly evaluated his subjective allegations of pain. The ALJ found that Folks' allegations of pain were not credible. The only rationale the ALJ expressed for this conclusion was his own observation that Folks sat for an hour and fifteen minutes during the hearing without standing or changing his position, in contradiction to Folks' testimony that he could only sit for a few minutes without discomfort.

■ Although the ALJ may discount the credibility of a claimant's allegations of pain, the ALJ's credibility determinations must be supported by substantial evidence. *Hardin v. Heckler*, 795 F.2d 674, 676 (8th Cir.1986). This court has explicitly set out the factors to be considered in evaluating a claimant's subjective allegations of pain. *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984) (*Polaski*). The ALJ must decide if the claimant's complaints of pain are consistent with his or her prior work record and the observations of third parties and examining physicians regarding (1) the claimant's daily activities, (2) the duration, frequency and intensity of the pain, (3) precipitating and aggravating factors, (4) dosage, effectiveness and side effects of medication, and (5) functional restrictions. *Id.* at 1322. The ALJ is not free to reject the claimant's subjective complaints solely on the basis of personal observations. *Id.* Subjective complaints may be discounted if

there are inconsistencies in the evidence as a whole. *Id.*

The ALJ's decision mentions evidence in the record relating to several of the evidentiary categories identified in *Polaski.* In explaining his determination that Folks' testimony about pain was not credible, however, the ALJ did not rely on this evidence. As we noted above, the only rationale the ALJ offered for rejecting Folks' complaints was the ALJ's personal observation that Folks was able to sit without moving for an hour and fifteen minutes during the hearing. We conclude the ALJ's evaluation of Folks' subjective allegations of pain does not comply with *Polaski.* On remand, the credibility of Folks' allegations of pain must be properly evaluated.

Because the ALJ did not properly evaluate Folks' subjective allegations of pain, the ALJ erred in applying the Medical-Vocational Guidelines (the Guidelines) to determine that Folks was not disabled. On remand, the ALJ may rely on the Guidelines if Folks' subjective allegations of pain are properly evaluated and discounted. *See Millbrook v. Heckler,* 780 F.2d 1371 (8th Cir.1985). If, however, a claimant's subjective allegations of pain are not discounted for a legally sufficient reason, the Guidelines are not applicable and the Secretary must call a vocational expert to satisfy the burden of proving that the claimant can perform work available in the national economy. *McCoy v. Schweiker,* 683 F.2d 1138, 1148 (8th Cir.1982) (banc).

Accordingly, we reverse and remand the case to the district court with instructions to remand to the Secretary for further proceedings consistent with this opinion.