**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 97-60323

(Summary Calendar)

_____


BELINDA SANDERS,

Plaintiff - Appellant,

versus

KENNETH S APFEL,
Commissioner of Social Security,

Defendant - Appellee.

_____

Appeal from the United States District Court
For the Southern District of Mississippi
(4:96-CV-34-LS)

_____

January 8, 1998

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Belinda Sanders appeals from the district court's judgment affirming the denial of her application for disability insurance benefits. She argues that: (1) since she could not afford evaluation and treatment, the Commissioner's finding that she was not disabled violates the rule in _Lovelace v. Bowen_, 813 F.2d 55,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

59 (5th Cir. 1987) (holding that Commissioner cannot "ignore[] economic reality" when claimant is unable to afford treatment); (2) the Administrative Law Judge ignored the testimony of the vocational expert; (3) the correct legal standards were not used; and (4) substantial evidence does not support the Commissioner's decision that she was not disabled.

In *Lovelace*, we held that if "the claimant cannot afford the prescribed treatment or medicine, and can find no way to obtain it, 'the condition that is disabling in fact continues to be disabling in law.'" *Id.* at 59 (quoting *Taylor v. Bowen*, 782 F.2d 1294, 1298 (5th Cir. 1986)); *see also Dover v. Bowen*, 784 F.2d 335, 337 (8th Cir. 1986) (holding that ALJ "must consider a claimant's allegation that he has not sought medical treatment or used medications because of a lack of finances"). In the case at hand, although Sanders' presented unrefuted testimony that she was unable to afford additional doctor visits, the magistrate judge used Sanders' failure to seek additional treatment as evidence that she was not disabled. The magistrate's failure to consider the claimant's poverty violated the principle we set out in *Lovelace*. *See Lovelace*, 813 F.2d at 59; *Dover*, 784 F.2d at 337.

Sanders' inability to "afford the prescribed treatment"))here, a referral to an orthopedic surgeon and follow-up doctor visits))should not be used to show she is not disabled. *See Lovejoy v. Heckler*, 790 F.2d 1114, 1117 (4th Cir. 1986) ("[I]t is as erroneous to consider the claimant's failure to seek treatment as a factor in the determination that her impairment is not severe

-2-

as it would be to reach the ultimate conclusion that the claimant is not disabled because she failed to follow prescribed treatment when that failure is justified by lack of funds."). Notwithstanding this error, the ALJ's credibility determination and the evidence from Sanders' other doctor visits substantiates the the ALJ's decision. We have reviewed the record and find that the Commissioner's determination, as rendered by the ALJ, is supported by substantial evidence. *See Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). Accordingly, the judgment is AFFIRMED.